FRANKLIN O. DAY, et al.,

*vs.*

PHILIP F. McQUILLAN.

The attachment of the separate interest of one partner in a partnership debt, is not a defense to an action brought by the remaining partner, in the name of the partnership, against the debtor in whose hands the property is attached, for the recovery of the debt due to the firm.

This action was commenced in the District Court for Ramsey County by Franklin O. Day and William S. Stewart, as

partners, as Derby & Day, to recover the amount alleged to be due said firm from defendant for goods, wares and merchandise sold and delivered by said firm to him.

The answer for a defense to the action alleges that on the 8th day of July, 1867, in an action then pending in said Court brought by one Lorenzo Allis against said Franklin O. Day, as surviving partner of Charles Derby and F. O. Day, late partners under the firm name of Derby & Day, to recover of said Franklin O. Day, as such surviving partner, a debt alleged to be due said Allis from said Day as such surviving partner. A writ of attachment was duly allowed and issued against the defendant therein; that on the said 8th day of July, 1867, the sheriff of Ramsey County, to whom said writ was directed, under and by virtue thereof, "duly and according to law levied upon and attached all the interest and property of the plaintiff, Franklin O. Day, in the debt mentioned and described in the complaint in this action, and then and there served on the defendant a notice specifying the debt and property which he so levied upon and attached, together with a certified copy of said writ of attachment;" that at the commencement of this action said writ and levy were and now are in full force, and the action in which said writ was issued is still pending and undetermined.

To this answer the plaintiffs demurred, on the ground that the facts alleged did not constitute a defense. The demurrer was sustained by the Court, and the defendant appeals from the order sustaining the same to this Court.

ALLIS, GILFILLAN & WILLIAMS for Appellant.

E. C. PALMER for Respondents.

*By the Court*—McMILLAN, J.—The first question presented in this case is whether the interest of one partner in a debt,

Day et al., v. McQuillan.

not due, belonging to a partnership composed of two or more members, is attachable in an action against him individually.

The attachment proceedings depend altogether upon statutory provisions, and under our statute are ancillary to the action. *Sec. 133, of ch. 66, Gen. Stat., p. 467*, is as follows:

" All goods and chattels, real, personal and mixed, including all rights and shares in the stock of any corporation, all money, bills, notes, book-accounts, debts, credits, and all other evidences of indebtedness belonging to the defendant, are subject to attachment." The language of this section certainly embraces both tangible personal property, and debts, and other choses in action, and places them on the same footing, as to their attachable character. I regard it as well settled that the interest of one member of a partnership in the tangible property of the firm, can be levied upon to satisfy his individual liability, but such levy is subject to all the partnership accounts. 1 *Pars. on Contr.*, 5th ed, 204-5, *and authorities cited in note b; Ib.*, 210, *note j; Story's Eq. Jur.*, sec. 677 ; *Place vs. Sweetzer and others*, 16 *Ohio R.*, 142 ; *Sutcliffe vs. Dorhman*, 18 *Ohio R.*, 181 ; *Brewster, et al., vs. Hammett, et al.*, 4 *Conn.*, 540 ; *Witter vs. Richards*, 10 *Ib.*, 37.

Our statute extends the remedy to the proceedings by attachment, and makes debts and other choses in action, as well as tangible property, subject to the process of the attaching creditor. I am unable to see anything in the nature of a debt, or chose in action, belonging to a partnership, which, so far as the question under consideration is concerned, should distinguish it from tangible personal property of the firm. The objection urged against permitting a creditor to levy upon the interest of one partner in the partnership property to satisfy the individual liability of such member of the firm, is that the partners have no separate interest in the property until all the partnership debts are paid, and that a levy cannot be made upon that which does not exist.

Choses in action being, under our statute, property subject to attachment, as well as things tangible and in possession, the objection is no more applicable to one kind of property than the other; the existence of the property once established, the estate or interest of a partner in a chose in action is as substantial, and is determined in the same manner, and by the same general rules, as his interest in tangible property. I am of opinion, therefore, that the interest of Franklin O. Day, the defendant in the attachment, in the indebtedness from McQuillan, the defendant in this action, to Derby & Day, plaintiffs, was attachable under our statute. It remains then to consider whether the attachment of the debt is a defense in this action. What interest passed to the sheriff by this attachment? Certainly no greater interest than that possessed by the debtor partner, the defendant in the attachment. What is this interest? The partner has no separate property in any portion of this debt; it is owned jointly by the partnership; each member of the firm has an interest in every part of it, and neither has any separate interest in any portion of it. Each holds it for the purposes of the partnership, and neither can exclude the other from such possession; the sheriff, by the attachment, could seize only the interest of the judgment debtor, if any, in this property after the payment of all partnership debts and other charges thereon; this is a contingent interest. No title to any part of the joint property vests in the sheriff so as to entitle him to take it from the other partner, for that would be to place him in a better position than the partner himself; nor does he acquire the rights of a partner with respect to this debt, but he seizes only the separate interest of the debtor partner in the surplus of the debt remaining after the settlement of the partnership affairs; this he may sell, and his vendee may call for an account, and thus to entitle himself to the interest of the partner

Day et al., v. McQuillan.

in the property which shall upon such settlement be ascertained to exist. But certainly the right of the remaining partner, at least to the property and assets of the partnership, is not interfered with, and the right to use the firm name to collect the debts remains unimpaired. 1 *Story's Eq. Jur.*, *Sec.* 677; 1 *Pars. on Contr.*, 207–209, *note i; Church and others vs. Knox and others*, 2 *Conn.*, 514; *Dear vs. Bogue*, 20 *Penn.*, 228; *Lucas vs. Laus., Rhodes and Bar.*, 27 *Penn.*, 211, is a case precisely in point. *Reinheimer vs. Hemingway*, 35 *Penn.*, 432.

The facts set up by McQuillan do not constitute a defense in this action.

Whether McQuillan has any remedy, I do not deem it necessary at this time to consider.

I think the order appealed from should be affirmed.

Berry, J.—Without further provisions of statute, I think that the attachment set up in the defendant's answer is wholly ineffectual. I therefore agree to the disposition made of the case by Justice McMillan.

Wilson, Ch. J.—I dissent.