EDWARD H. BARRETT and others *vs.* S. A. McKENZIE.

August 1, 1877.

**Execution—Levy—Sale.**—A sheriff who commences the execution of his
writ by a levy before the return day may complete it by a sale after such
day.

**Same—Levy upon Partnership Debt.**—A purchaser at the sale upon an exe-
cution against one partner, levied upon his interest in partnership prop-
erty, does not acquire any title to the property entitling him to delivery
of it, nor, if it be a debt, entitling him to collect it. The title to the
property or the debt still remains in the partnership, and the purchaser
acquires only the right to call the partnership to an accounting.

The plaintiffs in this action were Edward H. Barrett, F.
E. Barrett, Preston Cooper and Cyrus Severance, who were
copartners under the firm name of "The Asbestine Stone
Company." The said Preston Cooper was also a member of
another firm, composed of himself and one B. Cooper, and
doing business as "Cooper Bros." While both of the copart-
nerships were still in existence, the firm of L. Butler & Co.
recovered a judgment for $73.41 against the firm of "Cooper
Bros.," upon which an execution was issued. On July 9,
1875, this execution was placed in the hands of the sheriff
of Hennepin county, and on September 3, 1875, the sheriff duly
levied, under the execution, upon the interest of Preston
Cooper in a certain indebtedness due the Asbestine Stone
Company from Stephen McKenzie, the defendant in this action.
This interest thus levied upon was subsequently sold, Septem-
ber 24, 1875, by the sheriff, without a renewal of the execution,
and purchased by the firm of L. Butler & Co. At the time of

the execution and sale the whole indebtedness amounted to the sum of $579, and the defendant subsequently paid the plaintiffs $300 on the said debt. On November 11, 1875, the defendant declined to make any further payment upon the debt, until the levy and sale in favor of L. Butler & Co. were settled; whereupon Edward H. Barrett, one of the plaintiffs in this action, remarked: "That is only $73.41; pay me the balance, and you and Cooper fight that out; there will be that much coming to him." The balance thus demanded amounted to $165.69, and was thereupon paid to Barrett by the defendant. The same day the defendant paid over the balance of the indebtedness, in the sum of $73.41, to L. Butler & Co., and received their receipt for the same as money due the Asbestine Stone Company. This action was brought by the Asbestine Stone Company against McKenzie to recover this balance of $73.41. The cause was tried without a jury, by the municipal court for the city of Minneapolis, *Cooley*, J., presiding, who found, as conclusions of law, that the sheriff's sale under the execution in favor of L. Butler & Co. was void, because the said execution was not renewed within sixty days, "as by the statute in such case made and provided;" and that no title to said indebtedness could have passed to L. Butler & Co. by virtue of said sale, even if it had been made under a valid execution, because "each partner has an interest in each and every dollar thereof, and the same is indivisible by the officer of the law, except by the dissolution of the copartnership, settling up the indebtedness of the firm, and distributing of the balance of the assets, if any, proportionally among the copartners." Judgment was therefore entered for the plaintiffs, and from this judgment the defendant appealed.

*W. E. Hale*, for appellant.

It is an elementary principle of the common law that, if the levy be made before the return day of a writ, the officer may sell afterwards on the same writ, without a renewal of process. Rorer on Jud. Sales, § 707; *Butterfield* v. *Walsh*, 21 Iowa, 97. The statute has not abridged this common law

right, but merely extended the remedy. *Mariner* v. *Coon*, 16 Wis. 490; *Jones* v. *Davis*, 24 Wis. 229; *Clark* v. *Brown*, 18 Wend. 213–220. Neither does it prohibit a sale after the return day. *Juliand* v. *Rathbone*, 39 N. Y. 369–372. A common law right cannot be taken away by construction in the absence of an express statutory provision. Smith's Com. § 530; *Orton* v. *Noonan*, 29 Wis. 541–545. In any view of the case the sale can only be regarded as irregular and voidable. *Bank* v. *Spencer*, 18 N. Y. 150–154; *Jones* v. *Davis*, 22 Wis. 421–425; *Mariner* v. *Coon*, 16 Wis. 490. The sale passed the title to Cooper's interest in the debt due from the defendant to the Asbestine Stone Company, subject to the partnership accounts. *Hubbard* v. *Curtis*, 8 Iowa, 1; *Scrugham* v. *Carter*, 12 Wend. 131–134; *Burrall* v. *Archer*, 23 Wend. 606–609; *Phillips* v. *Cook*, 24 Wend. 389; *Day* v. *McQuillan*, 13 Minn. 205. The defendant was induced by the representations of Bennett to pay over the balance of $73.41 to L. Butler & Co., and the plaintiffs are therefore estopped in this action from making any claim against the defendant. *Griswold* v. *Haven*, 25 N. Y. 595–607. If the Asbestine Stone Company had not been bound by the admissions of Barrett, then their proper remedy would have been an action for an accounting, to which L. Butler & Co. should have been made parties, as tenants in common, with the plaintiffs, of the debt due from the defendant. *Phillips* v. *Cook*, 24 Wend. 389.

*Woods & Merrill*, for respondents.

GILFILLAN, C. J. The plaintiffs were a copartnership composed of Edward H. and F. E. Barrett, Preston Cooper and Cyrus Severance, and brought this action upon the balance of an indebtedness accruing to them as such copartnership. The defence rested on the facts that L. Butler & Co. recovered judgment, and issued execution thereon against the property of another copartnership, composed of Preston Cooper and one B. Cooper, and that the sheriff, before the return-day of the execution, levied upon, and, after the return-day, sold, the interest of Preston Cooper in the debt on which this suit

is brought; that, at such sale, L. Butler & Co. became the purchasers, and afterwards the defendant paid to them the part of the debt constituting the balance for which this suit is brought, and paid the other part of the debt to plaintiffs.

The court below rendered judgment for the plaintiffs. This judgment must be sustained, if at all, upon one of two propositions: *First,* that the execution was void because made after the return-day of the execution; *second,* that if the sale was valid, the purchaser at it acquired thereby no title to, nor right to receive payment of, the debt or any part of it.

Upon the first of these propositions the law is clear. It is an undoubted rule at the common law, that a sheriff who commences the execution of his writ, by a levy, before the return-day, may complete it, by a sale, after such day. *Jackson* v. *Browner,* 7 Wend. 388; *Wood* v. *Colvin,* 5 Hill, 228; *Wheaton* v. *Sexton,* 4 Wheat. 503; *Butterfield* v. *Walsh,* 21 Iowa, 97; *Pettingill* v. *Moss,* 3 Minn. 151 (222.)

The statute, (Gen. St. *c.* 66, § 265,) as amended by the act of February 15, 1871, (Laws 1871, *c.* 61,) referred to as abrogating this rule, was passed merely to avoid the necessity of issuing an *alias* execution, and was not intended to, and does not by its terms, affect any common law rule governing executions.

Although the authorities are not entirely uniform as to the second proposition, the weight of authority and the principles governing partnerships and the rights of partners, partnership creditors and purchasers of the interest of individual partners, sustain the decision of the court below, that the purchaser of Preston Cooper's interest got no title to, nor right to receive payment of, the debt. Unquestionably an attachment or execution against the property of one of the partners may be levied upon his interest in. chattels belonging to or in debts due the firm. And, although it has been sometimes doubted, the sheriff, in levying upon the partner's interest in a partnership chattel, may take possession of the

chattel to the exclusion of the other partners, while the levy continues. *Caldwell* v. *Auger*, 4 Minn. 156, (217.)

This right of exclusive possession is necessary to make the levy effectual. But a levy upon a partner's interest in a debt due the firm does not affect the right of the firm to collect or sue for the debt, even pending the levy. *Day* v. *McQuillan*, 13 Minn. 205. For that right does not interfere with the proceedings of the sheriff, and his levy does not divest the title of the partnership to the debt or any part of it. The levy is not on the debt itself, but on the partner's individual interest in it. That interest is a right to share in the surplus after the partnership affairs are settled. It is a contingent interest, depending for its value upon a surplus for the debtor partner existing after the firm debts are paid, and the accounts of the partners between themselves settled.

The debtor partner has, it is true, authority to collect the debt; but that authority he derives from being a partner, and, as such, an agent for the firm to transact its business, and to collect debts due it, for the purpose of such business. Neither the relation of partner or agent, nor the authority dependent on it, can pass to the purchaser. He only becomes " a *quasi* tenant in common with the other partners in the property of the firm, so far as to entitle him to an account, and, because he does not become a partner, with the settlement of the concerns of the firm he has nothing to do. That is the right and duty of the remaining partners, and of course they are entitled to the exclusive possession of all the property." *Reinheimer* v. *Hemingway*, 35 Pa. St. 432–437; 1 Story Eq. Jur. § 677; *Matter of Smith*, 16 John. 102; *Day* v. *McQuillan*, 13 Minn. 205; *Deal* v. *Bogue*, 20 Pa. St. 228.

The purchaser comes into " nothing more than an interest in the partnership which cannot be tangible, cannot be made available, or be delivered, but under an account between the partnership and the partner." *Lucas* v. *Laws*, 27 Pa. St. 211–212; *Hubbard* v. *Curtis*, 8 Iowa, 1.

A purchaser, then, of a partner's interest in a firm debt,

acquires no title to the debt itself, and no right to receive payment of it. On this ground the judgment below is affirmed.