## DANIEL COFFRIN v. ISAAC M. SMITH.

*Attachment. Lodgment of Copy of Writ in Town Clerk's Office. Constructive Possession by Officer.*

Plaintiff, a deputy sheriff, attached a quantity of hay, the property of B., at suit of a creditor of B's, by lodging a copy of the writ in the town clerk's office. Afterwards, and while that attachment was in force, defendant attached the same hay in the same way at suit of other creditors. In a few days thereafter the first-mentioned suit was discontinued, and in a short time after that, plaintiff again attached the hay in the same way at the suit of still other creditors. During all these proceedings the hay remained unmoved on the premises of B., but afterwards, and while affairs were in the posture in which they were left by the last attachment, it was, on application of B., appraised, advertised, and sold by defendant on the writ on which he attached it. *Held*, in trespass and trover therefor, that the attachment by defendant, though void at the outset as against plaintiff and the first attaching creditor, for that the hay when attached by defendant was constructively in-plaintiff's possession, was valid as against the debtor, and that when the first suit was discontinued, and plaintiff's constructive possession thereby ended, the defendant's attachment became operative and valid.

TRESPASS AND TROVER for a quantity of hay, straw, and oats. The facts in the case, which were agreed on, are stated in the opinion. On trial the plaintiff claimed to recover only for the hay. At the June Term, 1878, Caledonia County, the court, Ross, J.,

presiding, rendered judgment for the defendant, to which the plaintiff excepted.

*E. W. Smith,* for the plaintiff, contended that as at the time the defendant attached the hay it was under valid attachment by the plaintiff, the defendant's attachment was void, and that it made no difference that the property was attached by lodgment of copy in the town clerk's office, and cited *Burroughs* v. *Wright,* 16 Vt. 619 ; s. c. 19 Vt. 510 ; *Rogers* v. *Fairfield,* 36 Vt. 641 ; *West River Bank* v. *Gorham,* 38 Vt. 649, and cases *passim.*

*Leslie & Rogers* and *G. N. Dale,* for the defendant, contended that on the discontinuance of the suit of Darling and Ricker, the defendant's attachment became a valid attachment *ab initio,* and that the subsequent attachment by the plaintiff therefore created no lien as against the defendant, and cited *Hall* v. *Walbridge,* 2 Aik. 215 ; *Adams* v. *Lane,* 38 Vt. 640.

The opinion of the court was delivered by

DUNTON, J. The plaintiff, as deputy sheriff, on the 3d day of October, 1876, attached upon a writ in favor of Darling & Ricker, against one R. G. Beattie, the property in question, consisting of hay and oats in the straw, by leaving a copy of said writ and attachment in the town clerk's office in Ryegate, the town wherein said property was taken.

On the 29th day of November following, the defendant, as deputy sheriff, upon a writ in favor of D. H. and T. G. Beattie against the same debtor, attached a quantity of straw, the same hay described in said first attachment, and a quantity of threshed oats in the granary of said debtor, (he having threshed the oats in the straw attached by the plaintiff, and removed the same to said granary,) by leaving a copy of said writ and attachment in said town clerk's office. The straw so attempted to be attached was the same straw containing the oats attached by the plaintiff as aforesaid. The oats were removed by the defendant at the time of their attachment, from the debtor's premises.

On or about the 6th day of December following, the suit in fa-

vor of Darling & Ricker was discontinued by notice to the defendant in said suit, and no further action was taken therein.

Application was made to the defendant by the debtor to have said property appraised and sold on the writ served by him; and on the 12th day of December the defendant went to the barn where said hay was kept, and showed it to the appraisers appointed to appraise the same, and such proceedings were had that the hay, straw, and oats were duly appraised, advertised, and sold on said last-named writ by the defendant, on the 23d day of January, A. D. 1877.

On the 29th day of December, A. D. 1876, the plaintiff attempted to make another attachment of said hay and unthreshed oats upon a writ in favor of the National Bank of Newbury against the said Robert G. Beattie, by leaving a copy of said writ and attachment in said town clerk's office; and also, on the 6th day of January made still another attachment of the same property in favor of one M.

This is an action of trespass and trover for the hay, oats and straw attached as aforesaid.

It is claimed by the plaintiff that inasmuch as. there was a valid subsisting attachment upon the property in question by him as deputy sheriff at the time the attachment was made by the defendant, the attachment of the latter was absolutely void, and no lien was then or thereafter acquired thereby upon said property.

It has been repeatedly held that property attached by an officer by leaving a copy of the writ and attachment in the town clerk's office, is in the constructive possession of such officer. Therefore, at the time of the attachment of the property in question by the defendant, such property was in the constructive possession of the plaintiff, and no lien upon the same was thereby acquired by the defendant as against the plaintiff or Darling and Ricker; but the moment the suit of the latter was discontinued, their lien thereon was discharged, and the constructive possession of the property aforesaid by the plaintiff ceased.

The property, except the oats, was all this time up to the day of the sale in the actual possession of the debtor, and if the defen-

dant's attachment was wholly void, then the plaintiff acquired a lien thereon by his second attachment; but we do not think the defendant's attachment was wholly void. It was however void as to the plaintiff and Darling and Ricker, so long as the attachment of the latter continued in force; but it was valid as to the debtor, and the instant the constructive possession of the plaintiff was terminated as aforesaid, the defendant's attachment became operative and effectual so as to make his lien, which had hitherto been *contingent, certain* and *valid*.

We are not aware that this exact question has ever been before this court until now; but a similar one, as to the validity of a subsequent attachment made by an officer other than the one making the first attachment, where the lien created by the first attachment continued in force or the property had been sold upon execution, has been frequently before the court. It has been repeatedly held that such subsequent attachment is invalid, for the reason that no valid attachment of personal property can be made by an officer without taking actual or constructive possession of the same. By leaving a copy of the attachment in the town clerk's office, an officer acquires the constructive possession of the property attached. There can be no joint possession of such property by officers making different attachments. The constructive or actual possession of the same by the officer making the first attachment excludes the possession of other officers making or attempting to make subsequent attachments. But *cessante ratione legis cessat ipsa lex*. When the constructive possession of the property in question acquired by the plaintiff by the first attachment ceased, its effect upon the second attachment made by the defendant also ceased; and his attachment, which up to that time had been kept in abeyance, became operative and in force; and thereafter the constructive possession of said property except the oats was in the defendant until he took the actual possession of the same and sold it, as above stated.

Therefore the plaintiff never acquired any valid lien upon the property in question by virtue of his subsequent attachment, as against the defendant; and as the lien acquired by virtue of his,

the plaintiff's, first attachment ceased upon the discontinuance of the suit of Darling and Ricker, the plaintiff has no interest in the property. *Judgment affirmed.*