EDWARD MILLIS and another *vs.* A. G. LOMBARD, Defendant, and SEYMOUR, SABIN & Co., Intervenor.

July 5, 1884.

Execution Sale—Defects in Return of Officer.—The title of a purchaser at an execution sale is not affected by defects or informalities in the return of the officer subsequently made.

Same—Execution on Judgment of Justice of Peace—Irregularity in Issue and Service.—An execution upon a valid judgment was issued by a justice of the peace, but, without being acted on by the officer, was newly dated and reissued by the justice, and the officer thereupon, by virtue thereof, proceeded to levy upon personal property of the judgment debtor, and, upon due notice, made a regular sale thereof to the plaintiff. *Held*, that the validity of the sale was not affected by the irregularity in issuing the process, nor by the fact that there was a misrecital of the date of the judgment in the execution, it being otherwise sufficiently identified.

Fraudulent Conveyance—Evidence—Finding.—Evidence *held* sufficient to support a finding by the jury that a transfer of certain property by a debtor was fraudulent as to his creditors.

Same—Void as to Purchaser at Execution Sale.—A sale or mortgage, void as to a judgment creditor, is void as to the purchaser at an execution sale based on the judgment, the purchaser succeeding to the rights of such creditor.

Plaintiffs brought this action in the district court for Fillmore county, against defendant Lombard, to recover possession of a portable steam-engine. The defendant in his answer pleaded title in

Seymour, Sabin & Co., (a corporation,) and his own possession as its agent. The corporation then intervened in the action, alleging the following title: The engine originally belonged to one J. B. Starkweather, who, with one F. L. Starkweather, was jointly indebted to the intervenor. On August 13, 1878, the Starkweathers, to secure this debt, executed and delivered to the intervenor a bill of sale of the engine, but J. B. continued in possession of it, subject to the intervenor's lien thus created, until September 4, 1878. On that day J. B. sold and delivered the engine (subject to the intervenor's lien) with other property to F. L., the latter, as part of the consideration, assuming J. B.'s share of the joint debt. In April, 1879, F. L. delivered the engine to the intervenor to be repaired, and, when repaired, to be kept and sold by the intervenor, and the proceeds applied in payment of the debt. The intervenor, after expending $200 in the repairs, redelivered the engine in August, 1879, to F. L., for use during the threshing season of that year, he to pay therefor a proportion of the net receipts from its use. After using it during that season, F. L., on November 1, 1879, redelivered it to the intervenor to be held and sold by it, and the proceeds applied on the debt. The intervenor was thus holding it when this action was brought.

In their answer to the intervenor's complaint, the plaintiffs pleaded a judgment for $55 against J. B. Starkweather, rendered by a justice of the peace of Fillmore county, on October 21, 1878, in an action brought by R. P. Osborne; the issuance of an execution thereon; a levy on the engine then in J. B.'s possession; a sale thereunder to the plaintiff Millis, who thereafter sold an undivided interest to his co-plaintiff Hutton. They allege that the sale by J. B. to F. L., if made at all, was fraudulent as to the creditors, including Osborne, of J. B.; that neither the sale to the intervenor nor that to F. L. was followed by delivery or change of possession, the engine remaining in J. B.'s possession until the levy; that no notice or evidence of either of the sales was filed in any town clerk's office, and that plaintiff Millis had no notice of either of them when he bought and paid for the engine at the execution sale.

At the trial before *Farmer*, J., and a jury, it appeared that the judgment was rendered October 21, 1878, but is recited in the execu-

tion as recovered on "the first day of October, 1878." Other objections to the execution are stated in the opinion. The plaintiffs had a verdict, a new trial was refused, and the intervenor and the defendant appealed.

*C. N. Enos*, for appellants.

*H. R. Wells, J. D. Farmer* and *J. N. True*, for respondents.

VANDERBURGH, J. The record shows a judgment in favor of R. P. Osborne, against J. B. Starkweather, duly rendered in justice's court before one of the justices of the peace of Fillmore county on the 21st day of October, 1878, for the sum of $55, damages and costs; and it also appears that an execution was issued on this judgment to a constable of the same county, February 8, 1879, in the usual form, under which a levy was made upon the steam-engine in controversy as the property of the judgment debtor, J. B. Starkweather, the 14th day of February, and a sale upon proper notice was thereafter regularly made of the property to the plaintiff Millis, at public vendue, on the 6th day of March following. Millis afterwards sold one-half interest in the engine to his co-plaintiff in this suit, and they jointly claim to be the owners of the engine.

The judgment was sufficiently identified by the execution, and the misrecital of the date was an immaterial variance. It also appeared by evidence *aliunde* that the execution was in fact issued on that judgment. We have stated that it appears that the execution was issued February 8th, and it bears that date, and such is the date shown by the transcript of the justice's docket. There was, however, evidence tending to show that the execution had in fact been previously issued to the constable, and had remained dormant in his hands until long after the time for executing and returning it had expired; but that having been brought to the justice by the officer without any proceedings had thereunder, the same was thereupon reissued and newly dated as an original or new execution, and the entry in the docket changed to correspond with such proceeding; and that thereupon the levy and sale above mentioned were made. The proceeding was irregular as to the officers, but did not affect the validity of the sale any more than if the execution first issued had been lost, and the justice had used a new blank, instead of adopting and changing the one already filled

out. As to the purchaser, also, it was immaterial whether the amended return, showing the fact of the levy and sale, was received in evidence or not. It was competent to show these facts by evidence *aliunde*, as was in fact done. His rights could not be affected by the subsequent acts or omissions of the officer. *Tillman* v. *Jackson*, 1 Minn. 157, (183;) Freeman on Executions, §§ 339, 341; *Winebreuer* v. *Johnson*, 7 Abb. (N. S.) 202.

2. The defendant Lombard was merely the bailee of the intervenors, Seymour, Sabin & Co., who claim the property under a bill of sale alleged to have been made to them by J. B. Starkweather and F. L. Starkweather, August 13, 1878, to secure an indebtedness to them, and allege that J. B. Starkweather was then the owner and in possession thereof, and that, subsequently, he sold and transferred the same to F. L. Starkweather, subject to the lien of the intervenors, their indebtedness being assumed by the vendee. The intervenors failed to file the bill of sale as a chattel mortgage, or to take actual possession of the property thereunder, until after the execution sale to Millis. The bill of sale or mortgage, which was presumptively void as to the judgment creditor, could not, therefore, become the foundation of any title or claim as against him, and it seems to have been properly ruled out. As respects the alleged sale to F. L. Starkweather, and the claim of the intervenors through him, the question whether the alleged sale to him was or was not fraudulent, was fairly submitted to the jury upon the evidence, and was necessarily disposed of by the verdict in plaintiffs' favor.

It is hardly necessary to add that, in a case where a sale and transfer of property is void as to a creditor, the purchaser upon an execution sale, based on a judgment recovered by such creditor, is also equally protected. *Sands* v. *Hildreth*, 14 John. 493; *Best* v. *Staple*, 61 N. Y. 71, 78, and cases cited.

Order affirmed.