## JOHN B. DUFORD *vs.* JAMES B. LEWIS.

### February 18, 1890.

**Adverse Claims—Attack on Execution Sale—Pleading—Evidence.—**
Plaintiff, alleging title in fee, brought an action to determine an adverse claim to certain vacant and unoccupied real property. By his answer defendant denied plaintiff's title, and asserted that he was the owner of said property. Upon the trial plaintiff offered to show the value of the property at a time when the defendant purchased the same at an execution sale, the plaintiff being the judgment debtor and defendant judgment creditor, and that the consideration therefor was inadequate, the object of such testimony being to annul and avoid the sale. *Held,* that in this form of action such testimony was inadmissible.
Other alleged errors in the rulings of the court disposed of.

Appeal by plaintiff from an order of the district court for Ramsey county, refusing a new trial after a trial by *Brill,* J., and judgment ordered for defendant.

*C. D. & Thos. D. O'Brien* and *Frank Ford,* for appellant.

*Eller & How,* for respondent.

COLLINS, J. Plaintiff, alleging ownership in certain vacant and unoccupied real estate, brought this action to determine an adverse

claim thereto. The defendant in his answer denied plaintiff's ownership, and asserted title to the property in question in himself. On this simple issue the parties proceeded to trial, whereupon it was stipulated that plaintiff was the owner, unless his title had been divested by virtue of an execution sale made under and to satisfy a judgment theretofore entered and docketed in the proper county against said plaintiff. Thereupon the defendant offered and there was received in evidence the judgment-roll; the judgment as entered in the judgment-book; proof of its docketing; the execution and sheriff's return thereon, showing a levy upon the property in question; and a certificate of sale of the same to defendant, more than one year prior to the bringing of this action, duly executed and acknowledged by the sheriff making the sale, to which was attached his affidavit of the fact of the posting and publication of the notices specified and required by Gen. St. 1878, *c.* 66, § 317, subdiv. 2. These were all in due form of law. The certificate contained all that is required by section 321, *c.* 66, *supra,* and, with the affidavit, had been properly recorded. The plaintiff objected to the introduction of these various books and documents, principally upon the ground that no foundation had been laid, and he now contends that it was incumbent upon defendant to show, by the record, that a minute was made on the execution by the sheriff when he received it, (section 301, *c.* 66, *supra;*) that he made a demand on the judgment debtor for payment; that he could not satisfy the execution out of personal property as commanded; and that a copy of the execution, with a memorandum of the levy, was served on the debtor, if he could be found in the county, (section 306, *c.* 66.) The plaintiff, in rebuttal, offered to show that either and each of the lots sold to satisfy the execution was at the time of a specified value, largely in excess of the sum required to liquidate the judgment, and for which each was sold, but was not permitted to do so. It is his further contention that this was error for which a new trial should be granted.

1. This action was not brought for the avowed purpose of setting aside a sale of real property on execution, on the ground of inadequacy in the price realized, or on the ground of the irregular, fraudulent, or collusive character of the sale, but simply to determine an

adverse claim. The pleadings contained no averments as to the value of the lots when sold, or that the consideration was grossly or otherwise inadequate. It was not alleged that there had been any mistake, surprise, misconduct, irregularity, or .fraudulent practices whereby a sale, apparently fair and regular in every particular, ought to be vacated and set aside. Upon a bare assertion of ownership of the land, plaintiff attempted to introduce testimony upon matters which were not in issue, and had in no way been suggested by the pleadings. Again, the object of the testimony was to annul the sale upon which defendant's title rested, and to have it adjudged void, without qualification. In the case of *Tillman* v. *Jackson*, 1 Minn. 157, (183,) and again in *Lamberton* v. *Merchants' Nat. Bank*, 24 Minn. 281, it was held that the statute (Gen. St. 1878, c. 66, § 319) which provides, in regard to sales on execution, that "where the sale is of real property, and consisting of several known tracts or parcels, they shall be sold separately," is directory merely, and that a sale in gross of separate tracts does not render the sale void. In the last-mentioned case it was further held that, under some circumstances, the owner or party interested in the land might be relieved from a sale of that character; in other words, that such a sale is voidable, not void. This doctrine is applicable to the case at bar. Admitting all that the appellant claims, the sale was not void, although, possibly, for good cause shown, it might be avoided.

2. The objections made to the record and documentary evidence in proof of defendant's title were frivolous. *Tillman* v. *Jackson*, *supra; Bidwell* v. *Coleman*, 11 Minn. 45, (78;) *Hutchins* v. *County of Carver*, 16 Minn. 1, (13;) *Barrett* v. *McKenzie*, 24 Minn. 20; *Knox* v. *Randall*, Id. 479; *Millis* v. *Lombard*, 32 Minn. 259, (20 N. W. Rep. 187;) Gen. St. 1878, c. 66, §§ 318, 321-2, *supra*. And see, generally, cases cited in notes to section 339, 2 Freem. Ex'ns.

Order affirmed.