Sherwood, J.
Ejectment for land in Wayne county, begun December 22, 1890; change of venue to Iron, county on application of defendants. On its *508 arrival there, a trial occurred, resulting in a judgment for plaintiffs and defendant Joel Yancey appealed to this court.
I. The application for the change of venue having been made on notice by all of the defendants and on application by all of the defendants, and sworn to by Wilhite, one of their number, on behalf of all of them, the application was a valid one and the order of the circuit court of Wayne county based thereon was a valid order and transferred the case to the Iron county circuit court. Besides, after the transcript reached the venue to which it had been ordered, defendants Mattie Yancey and Jennie Sullivan appeared and filed their separate amended answer to the petition; then Joel Yancey did the.like, then Joel Yancey appeared again and with his codefendant Wilhite filed another separate amended answer.
By these occurrences the defendants thus appearing submitted themselves to the jurisdiction of the court, and can not now question such jurisdiction. Baisley v. Baisley, 113 Mo. 544. And the subsequent dismissal by plaintiffs of the suit as to Wilhite, did not defeat the jurisdiction previously acquired as to the other defendants. The conveyances introduced in evidence by plaintiffs are as follow:
Certified copy of a warranty deed — Lee M. Pettit and wife to Joel Yancey, made January 31, 1870, recorded February 26, 1870.
Certified copy of deed of trust — Joel Yancey and wife to Geo. W. Creath, trustee, and A. A. Duncan, curator of Willie N. Steele, minor, beneficiary, made July 24, 1873, recorded August 13, 1873.
Original trustee’s deed — Wm. Warmick, sheriff, acting as trustee to Wm. T. Deeper, made June 2, 1883, recorded June 2, 1883.
Certified copy of warranty deed — Wm. T. Deeper *509 and wife to Lucinda Yancey, made June 13, 1883, recorded March. 31, 1884.
Original deed of trust — Lucinda Yancey and husband to George T. Lee, trustee, and William T. Leeper, beneficiary, made June 13, 1883, recorded February 18, 1884.
, Original trustee’s deed — George T. Lee, trustee, to P. O. Ivy and O. A. Bennett, made September 6, 1890, recorded September 6, 1890.
II. On the trial Joel Yancey admitted that he went into possession of the land in suit a short time after he bought the land of Pettit; that he obtained the title to the land from Pettit, and that he still held possession under that title. The note which he gave in 1873 he secured by a deed of trust on that land; that note fell due in 1875, and on the second of June, 1883, the note and interest being unpaid, a sale occurred under the deed of trust, and Leeper became the purchaser and received on the same day a deed for the land, which sale and deed swept away whatever title Joel Yancey had in and to that land and transferred it to Leeper.
And while Yancey remained in possession under the trustee, he did not hold adversely to the trustee before the sale, and after the sale he will be presumed to hold in subordination to the title of the purchaser, and consequently the statute of limitations did not run in favor of defendant Yancey, and could not have done so, unless he had by his acts and declarations repudiated the deed of trust, and thus converted his subordinate holding into one adverse to his creditor; but nothing of the kind occurred. 1 Jones, Mortg. [4Ed.], secs. 672, 703; Gardner v. Terry, 99 Mo. 523; Booker v. Armstrong, 93 Mo. 49; St. Louis v. Priest, 103 Mo. 652; Chouteau v. Riddle, 110 Mo. 366.
*510 III. The other mesne conveyances already set forth transferred the title and vested it in plaintiffs and this suit was brought in 1890, less than ten years after the first sale under the deed of trust. There was no adverse possession of the land after the first sale under the the deed of trust, because that sort of possession is defined to be: “Adverse possession is the act of holding possession and claiming the right to do so, against onehaving a superior right or title. Two things, it is said, must occur: ‘First, an ouster of the real owner, followed by an actual possession by the adverse claimant; and, second, an intention on the part of the latter to so oust the owner and possess for himself.’ Sedg. & Wait, Trials, see. 729; Davis v. Bowmar, 55 Miss. 765.”
IY. As to the certified copies of certain conveyances being read in evidence, instead of the originals, it does not appear in one or two instances whether the originals were within the control of plaintiffs, and as to the other instances we have ruled that we will not reverse a judgment on the ground alone of this error. Smiley v. Cockrell, 92 Mo. loc. cit. 113.
We are forbidden to reverse a judgment except for errors which materially affect the merits of the action. R. S. 1889, sections 2100, 2303; Garth v. Caldwell, 72 Mo. loc. cit. 628; Alexander v. Campbell, 74 Mo. loc. cit. 145; Kirkpatrick v. Railroad, 86 Mo. loc. cit. 347; Young v. Glasscock, 79 Mo. loc. cit. 580; Miller v. Graham’s Adm’r, 41 Mo. 509, and many other cases.
Y. a. As to the deed to Leeper made by War-mick, sheriff, acting as trustee, the deed is not copied in the bill of exceptions and its recitals can not be noticed. State v. Griffin, 98 Mo. loc. cit. 675. This being the case it will be presumed the circuit court ruled correctly as to the admission of the deed in evidence.
*511 b. And in any event there was no necessity for showing that Warmickwas acting as sheriff of Wayne county when he made the deed to Leeper. Nothing to ■the contrary appearing, it will be presumed that the sheriff acted within the legitimate bounds of his duty, when he made the sale and executed the deed. To such lengths has the law proceeded in this favorable and conservative class of presumptions, that it will put a party who asserts the contrary of such presumption upon the proof of a negative; “for a person shall be presumed duly to execute his office till the contrary appear.” Lord Halifax case, Bull. N. P. 298, a. See, also, Long v. Joplin, etc., Co., 68 Mo. loc. cit. 431, and other cases there cited.
YI. a. It will be presumed, also, that Lucinda Yancey, the purchaser from Leeper on the thirteenth of June, 1883, and who made a deed of trust on the same day to Lee as trustee, for Leeper made the latter deed after the prior acquisition of title to the land through and by means of the former deed; for this was the regular and ordinary course of business, and of such course of business the law always presumes. Fitzgerald v. Barker, 85 Mo. loc. cit. 21, 22 and cases cited.
b. But whether Lucinda Yancey was or was not the purchaser of the land before making the deed of trust, would not affect the proper conclusion to be reached herein, and this for the reason: That if she executed the deed of trust before she received her deed from Leeper, her subsequent acquisition of the title would inure to the benefit of the beneficiary in the deed of trust she had previously made. 1 Jones, Mortg. [4 Ed.] section 153 and cases cited. This court has also ruled the point the same way, but inasmuch as we have no digest of our decisions in this state, the case containing the point is not readily accessible.
*512 YII. The last point for examination is whether Joel Yancey was entitled, after judgment going against him, to have his claim allowed for improvements made by him on the land. But one answer can be returned to a question based on the foregoing facts. Unless provision be made in the mortgage for such allowance for improvements in a case of foreclosure, all improvements made will inure to the benefit of the mortgagee or purchaser at the foreclosure sale. 1 Jones, Mortg. sec. 681.
Finding no substantial error in the record, we affirm the judgment.
All concur.