## VICTOR CARLSON v. PETER SMITH, Jr.[1]

October 23, 1914.

Nos. 18,892—(50).

**Assignment of judgment.**

1. The statute providing for filing of assignments of judgments with the clerk of court, and for a docket entry thereof, affects the validity of assignments only as to subsequent purchasers and attaching creditors. As between the parties, an assignment of a judgment is valid without compliance with those formalities.

**Finding sustained by evidence.**

2. The evidence is sufficient to sustain a finding that a judgment against plaintiff and his co-surety was assigned to defendant.

**Alias execution — presumption.**

3. An original writ of execution must be returned before an *alias* writ can issue. Where the evidence shows the original writ returned and the *alias* writ issued on the same day, it will be presumed, in the absence of evidence to the contrary, that these acts were done in such order as to render both valid.

**Execution sale — order of court — clerk's signature on copy.**

4. No order of court is necessary for the issuance of an *alias* writ of execution.

The fact that the copy of the execution served on the judgment debtor does not bear the signature or seal of the clerk of the court, does not invalidate a sale of real estate made under the execution.

[1] Reported in 149 N. W. 199.

**Same — failure to make return after sale.**
    5. No formal levy is necessary to be made on real estate in order to sell
the same on execution. Failure of the sheriff to make return after the
execution sale, does not invalidate the sale.

Action in the district court of Hubbard county to determine adverse claims to certain real estate. The answer set up the judgment and execution sale mentioned at the beginning of the opinion and prayed that defendant be adjudged to be the owner of the property. The reply set up the payment of $1,000 by Schmidt to Mackey in full satisfaction of the judgment and thereafter the issue of an *alias* execution while the original execution was still unreturned and outstanding, and alleged that the execution sale in question was made upon such wrongful *alias* execution and was void. The case was tried before Stanton, J., who made findings and ordered judgment that defendant was the owner in fee of the real estate described free of any lien except the right of plaintiff to redeem the premises from the sheriff's sale in question within one year from April 20, 1912. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*John L. Brown,* for appellant.
*Daniel De Laury,* for respondent.

HALLAM, J.

Plaintiff Carlson and J. P. Schmidt were co-sureties on a bond to one Mackey. On August 5, 1911, Mackey procured a joint judgment against them for $1,184.17, and procured an execution and caused levy to be made upon the property of Schmidt. After some negotiations, Mackey agreed to accept $1,000 in settlement of his judgment. On February 29, 1912, J. P. Schmidt procured this amount and paid it over, and an assignment of the judgment was taken in the name of his son, the defendant Peter Smith, Jr. There is evidence that J. P. Schmidt directed that this assignment be made to defendant in payment for services rendered since defendant became of age. On March 1, 1912, the first execution was returned by the sheriff half satisfied, and on the same day a new execution was

issued and land of this plaintiff was sold thereunder to satisfy the remaining half of the judgment. Plaintiff brings this action to quiet title to the land sold, on the ground that the sale was void. The exe-. cution was in due form, due notice of sale was given, the sale was regularly conducted, and it is not questioned that as between himself and his co-surety plaintiff Carlson ought in justice to pay his share of this judgment, but some objections are raised to the procedure followed which, it is claimed, invalidate the sale. We consider these objections without merit.

1. It is contended that the answer did not allege facts sufficient to show that defendant had a valid lien upon this land. The point of the contention is, that the answer simply alleged that the assignment of the judgment was "filed in said proceeding," whereas, it is contended, it should be filed with the clerk and an entry thereof made in the docket. The statute provides that no assignment of a judgment shall be valid "as against a subsequent purchaser * * * in good faith for value, or against a creditor levying upon or attaching the same, unless it is filed with the clerk and an entry thereof made in the docket." G. S. 1913, § 7909. This statute in clear terms affects the validity of the assignment only as to such parties as are therein designated, that is, subsequent purchasers and attaching creditors. As between the parties to the judgment, an assignment is valid though not so filed and entered. Swanson v. Realization & Deb. Corp. 70 Minn. 380, 73 N. W. 165.

2. It is contended the facts show a payment of the judgment by J. P. Schmidt, and that it follows that the assignment of it to defendant was void. The court found that the judgment was "sold, assigned and transferred" to defendant. This signifies a purchase of the judgment for a consideration, and the evidence is sufficient to sustain this finding. We do not wish to be understood as inferring that the assignment would have been invalid if J. P. Schmidt had in fact paid the judgment against himself and his co-surety. Felton v. Bissel, 25 Minn. 15; Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320.

3. The next contention is that the *alias* writ was prematurely issued. The original writ was returned March first and the *alias* writ issued the same day. Doubtless the original writ must be returned

before the *alias* writ can issue, and the contention is that the law will not consider fractions of a day, that upon the facts stated the first writ is conclusively presumed to be an outstanding writ during the whole of the day of its return unless there is affirmative evidence to the contrary. We do not so understand the law. Acts required to be done in sequence may usually be done on the same day, and where they are so done it will be presumed, in the absence of evidence to the contrary, that they were done in such order as to render them both valid. Haven v. Foster, 14 Pick. (Mass.) 534, 548; Ivy v. Yancey, 129 Mo. 501, 509, 31 S. W. 937. The evidence in this case simply showing that the original writ was returned and the *alias* writ issued the same day, it will be presumed that these acts were done in the proper order, that is, that the original writ was first returned.

4. It is contended that proper formalities were not observed in the procurement of this *alias* writ. No particular formalities were required. No order of court was necessary. Johnson v. Huntington, 13 Conn. 47; Ex parte McManaman, 16 R. I. 358, 16 Atl. 148, 1 L.R.A. 561. The *alias* writ was under the seal of the court and subscribed by the clerk, as required by statute. G. S. 1913, § 7924. The copy served on the judgment debtor was not signed or sealed. This court has held that this omission does not invalidate the sale, and we are not disposed to depart from this rule. Duford v. Lewis, 43 Minn. 26, 44 N. W. 522.

5. It is urged that "no return of any levy was signed by said sheriff." No formal levy is necessary to be made on real estate. Hutchins v. Co. Commrs. of Carver County, 16 Minn. 1 (13); Duford v. Lewis, 43 Minn. 26, 44 N. W. 522. The sheriff must of course make a return after sale. G. S. 1913, § 7925. The record before us is not altogether clear, but it would appear that such a return was made in proper form and signed. However, we do not regard this as material in this case. Omission of an act of this sort required to be done by the sheriff after sale cannot reach back and avoid the sale. Millis v. Lombard, 32 Minn. 259, 20 N. W. 187.

Judgment affirmed.