# FARMERS STATE BANK OF LAKE MILLS, IOWA v. E. S. HAMMOND.[1]

February 25, 1927.

No. 25,690.

**Finding sustained by evidence.**

1. The finding that the tractor in question was held under the writ of replevin after the release of a prior attachment is sustained by the evidence.

**Replevin of property which has already been attached.**

2. A sheriff cannot take property under a writ of replevin which he is holding under a prior writ of attachment, but if the attachment is released it then becomes his duty to execute the writ of replevin.

**Charge to jury as to damages not prejudicial.**

3. Claim for damages for detaining property under a writ of replevin. If charging that the sheriff is presumed to have done his duty implied that he was presumed to have taken the property under that writ while holding it under a writ of attachment, any prejudice therefrom was removed by later excluding all damages accruing prior to the release of the attachment.

**Verdict not excessive.**

4. The evidence as to damages is sufficient to sustain the award.

Appeal and Error, 4 C. J. p. 864 n. 34; p. 871 n. 8; p. 1029 n. 30.
Attachment, 6 C. J. p. 240 n. 77; p. 241 n. 82; p. 310 n. 6.
Replevin, 34 Cyc. p. 1376 n. 83; p. 1508 n. 65.

Plaintiff appealed from an order of the district court for Freeborn county, Peterson, J., denying its motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*Meighen, Knudson & Sturtz,* for appellant.

*Alfred T. Vollum* and *H. H. Dunn,* for respondent.

[1]Reported in 212 N. W. 593.

TAYLOR, C.

This was an action in replevin to obtain possession of a Twin City tractor. Defendant asserted title to the tractor and claimed damages from plaintiff for seizing and detaining it. At the opening of the trial it was admitted and agreed that defendant was the owner of the tractor and that his claim for damages was the only issue to be tried.

The court instructed the jury that there were only two questions to be determined: Whether the sheriff had seized and held the tractor under the writ and, if so, the amount of defendant's damages. They returned a verdict of $600 for defendant. Plaintiff made an alternative motion for judgment or a new trial, and appeals from the order denying it.

While other persons were named as defendants in the papers, only defendant Hammond appeared in the action and he will be intended by the term defendant as used herein. On May 24, 1922, the sheriff made a return that he had served the summons and complaint on defendants Hammond and Olson personally on that date. On the same day he made a return that he had served the replevin papers on Hammond and Olson personally on that date. He never made any other or further return, and the return made makes no mention of the tractor nor of any action taken under the writ. For convenience we shall use the term writ as designating the authority for taking the property although no writ is issued in replevin proceedings under our practice.

Plaintiff insisted that the return made by the sheriff was conclusive that he had never taken the tractor under the writ and constituted a complete defense to defendant's claim. We are unable to concur in this contention. Conceding without deciding that the return is conclusive as to the facts stated therein, it does not preclude other evidence as to matters not covered by it, nor as to anything done subsequent to the time it was made. As bearing on the question, although not directly in point, see First Nat. Bank v. Rogers, 15 Minn. 305 (381); Millis v. Lombard, 32 Minn. 259, 20 N. W. 187; Carlson v. Smith, 127 Minn. 203, 149 N. W. 199; 129 Am. St. 848, note.

In the fall of 1920 Severt Olson, who then owned the tractor, placed it in storage in the Star Foundry in the city of Albert Lea where it remained until delivered to defendant in April, 1923, as hereinafter stated. In August, 1921, defendant purchased it from Olson but did not remove it from the foundry. In the early part of May, 1922, the sheriff levied upon it under a writ of attachment issued in an action brought by another bank against one Wilson, a former owner of the tractor. He did not remove it but took a receipt from A. A. Koch, manager of the foundry, showing that it was held for him as sheriff. When he received the replevin papers the tractor was already in his custody under the writ of attachment, and he apparently did nothing except to advise Koch that he had a writ of replevin for the tractor and to arrange with Koch to hold it for him as sheriff until the title was settled. In July, 1922, the attachment was released. Defendant demanded possession of the tractor but the sheriff, apparently acting under instructions from plaintiff's attorneys, refused to let him have it. On April 23, 1923, plaintiff and defendant through their attorneys entered into a stipulation to the effect that defendant was the owner and entitled to the possession of the tractor, and he then removed it from the foundry and thereafter sold it.

The court instructed the jury to the effect that plaintiff was not liable in damages unless the tractor was held under the writ of replevin after the attachment had been released, and submitted to them to determine as a question of fact whether it had been so held. Their finding that it was so held is amply sustained by the evidence.

The court read the statute prescribing the duties of a sheriff under a writ of replevin and then said:

"It is the claim of the [defendant] that the sheriff did those things; that after these papers were put in his hands that he did in fact replevy the tractor in question. The law presumes that the sheriff will do his duty and that is a rebuttable presumption, however, and in this case it is left with you as a fact question whether or not the sheriff did, under this process—under these papers and under these orders—did take the tractor into his possession in this case."

Plaintiff claims that the statement that "the law presumes that the sheriff will do his duty," as used in the above instruction, conveyed the idea that the sheriff was presumed to have taken the tractor under the writ of replevin; that he had no right to take it under that writ while holding it under the attachment; and that the instruction was erroneous for that reason. 34 Cyc. 1367, which states that replevin will not lie for property in the custody of the law, is cited in support of this contention. It is the general rule that where an officer, who has levied upon property under a writ of attachment, receives other writs, he may levy upon the property under the subsequent writs, making the levies subject to the prior levies. 6 C. J. 240, 241. But while holding property under an attachment he cannot execute a writ of replevin, for that writ requires him to deliver possession of the property to the claimant, and he cannot part with possession without voiding his levy under the attachment. Merrill v. Wedgwood, 25 Neb. 283, 41 N. W. 149; 6 C. J. 310, 312. But, where he receives a writ of replevin while holding the property under an attachment and the attachment is subsequently released, it then becomes his duty to take the property under the writ of replevin. As to the general principle see Coffrin v. Smith, 51 Vt. 140. The court told the jury as a part of the instruction that they were to determine as a question of fact whether the sheriff "did take the tractor into his possession in this case." The court did not explain specifically when or under what circumstances it would become the duty of the sheriff to take the tractor in this case, but did tell them "that while the writ of attachment was in force and while the sheriff held the tractor in that other case that for that time at least Hammond suffered no legal damage by reason of the sheriff holding the tractor." And further on in the charge again stated:

"I charge you, as a question of law, that while that writ of attachment was in force that during that time Hammond suffered no legal damage by reason of the writ of replevin in this case, and that if he suffered damage it was from the time that he was notified * * * that the attachment had been released."

The court excluded from defendant's claim all damages accruing from detention of the tractor while the attachment was in force; and considering the charge as a whole we think it submitted the case to the jury fairly and that plaintiff has no substantial ground for complaint.

Plaintiff claims that the damages as fixed by the verdict are excessive. The jury made a liberal award under the circumstances, but there was evidence from which they could find that damages in the amount allowed had been sustained and therefore the verdict must stand, it having been approved by the trial court.

The order denying a new trial is affirmed.