ALEXANDER T. ANKENY, Assignee, *vs.* J. B. MOFFETT and another.

June 14, 1887.

**Contribution—Wrong-Doers.**—The rule that there can be no contribution among wrong-doers applies only where the person seeking the contribution must be presumed to have known that he was doing an illegal act.

**Same—Negligence.**—A person is not deprived of contribution from another also originally liable, where the ground of their liability is simply negligence on the part of each in carrying on some lawful business.

**Contribution under Joint Judgment—Payment—Subrogation.**—Under Gen. St. 1878, *c.* 66, § 330, where one of several debtors, against whom there is a joint judgment, pays more than his proportion, and files notice of his payment and claim to contribution, he is *ipso facto* subrogated to the right of the judgment creditor in the judgment, and may issue execution thereon to enforce contribution from the other judgment debtors.

,Same—Payment before Levy.—To entitle a person to the rights of con-
tribution and subrogation under this statute, it is not necessary that his
property should have been levied upon before he paid the judgment.

Plaintiff brought this action in the district court for Hennepin
·county, to enjoin a sale upon execution under the circumstances re-
·cited in the opinion.   Defendants appeal from an order by *Rea, J.*,
.granting plaintiff's motion for judgment upon the pleadings.

*Welch, Botkin & Welch*, for appellants, cited, among other cases,·
*Harris* v. *Frank*, 29 Kansas, 200.

*Ankeny & Merrill*, for respondent.

MITCHELL, J.   Defendant Moffett and one Johnson, being severally
·the owners of two adjoining lots, joined in erecting a building upon
them, and united in letting the contract for its construction to one
builder.   While the building was in process of erection, a portion of
its walls fell, and injured one Walters, who thereupon sued Moffett
.and Johnson for damages, and recovered a joint judgment against the
two.   They were not guilty of any intentional wrong, or of any bad
faith, or of any act in itself illegal, and hence the ground of their
liability to Walters must have been mere negligence in the manner.
of erecting the building.   After the rendition of the judgment, Mof-
fett, being threatened with execution, but no levy having been made
·on his property, paid the entire judgment, filed his notice of payment
and claim to contribution as required by statute, and then caused ex-
ecution to be issued for one-half of the amount of the judgment, and
levied on the property of Johnson.   Johnson subsequently made an
assignment for the benefit of creditors to plaintiff, who brings this
.action to enjoin the sale on the execution.

The whole case turns upon the construction of the statute relating
to contribution and subrogation between joint judgment debtors, (Gen.
St. 1878, *c.* 66, § 330.)   That in this case Moffett is entitled to contri-
bution from Johnson cannot be doubted.   Whether the statute cited
was intended to change the rule that there can be no contribution
.among wrong-doers it is unnecessary to consider.   That rule is applica-
ble only where the person seeking the contribution was guilty of an
intentional wrong, or, at least, where he must be presumed to have
known that he was doing an illegal act.   It is immaterial whether

the ground of Walter's recovery was the negligence of Moffett and Johnson personally, or that of their agent, the builder. In neither one was there any intentional wrong. In the one case it would be mere negligence in doing a lawful act; in the other case there would be no personal fault whatever on their part. In neither case would the rule apply. Cooley, Torts, 144–147; *Adamson* v. *Jarvis*, 4 Bing. 66; *Bailey* v. *Bussing*, 28 Conn. 455; *Wooley* v. *Batte*, 2 Car. & P. 417; *Horbach* v. *Elder*, 18 Pa. St. 33; *Armstrong Co.* v. *Clarion Co.*, 66 Pa. St. 218; *Nickerson* v. *Wheeler*, 118 Mass. 295.

Plaintiff's contention, however, is that Moffett is not entitled to use this judgment until the rights and liabilities of Moffett and Johnson, as between themselves, have been litigated, and a judicial determination had that he is in fact entitled to contribution; that, this question not being involved or determined in the *Walters Case*, Moffett must establish his claim in an action for contribution against Johnson, before he can have execution on the Walters judgment. We are of opinion that this is not the meaning of the statute. Where one of several defendants, against whom there was a joint judgment, paid the entire sum, there was much conflict of opinion as to whether the judgment was necessarily extinguished, or whether it could be kept on foot for the benefit of the party making the payment, (Freem. Judgm. § 472;) and, even where the right of the party making the payment to the benefit of the judgment was recognized, there was great variety of practice as to the manner in which he could avail himself of it. Independently of any statute upon the subject, he was sometimes allowed to keep the judgment alive by taking an assignment of it to a third person. Some statutes required him to file his bill in equity to compel contribution, and, as a part of the relief granted, in case he established his claim, he would be allowed to use the judgment for the purpose of enforcing contribution. Other statutes provided that execution for his benefit might be allowed to issue on motion in the same action. Others, again, provided that the judgment should be deemed assigned to the party making the payment, who would, by the act of payment, *ipso facto* be subrogated to all the rights of the judgment creditor, including the right to execution for its enforcement.

Under this state of the law on the subject this statute was enacted. The first part of it defines when the right of contribution or repayment exists in favor of a judgment debtor who has paid the judgment, as against his co-judgment debtors. The latter part of the section declares that "in such cases [all those referred to in the preceding portion of the section] the person so paying or contributing is entitled *to the benefit of the judgment* to enforce contribution or repayment." To this right no condition is attached, except that of filing notice of payment and claim to contribution with the clerk of the court within 10 days. The benefit of a judgment includes the means of enforcing it by execution. We think that it was the intention of the legislature that the subrogation, in such a case, by operation of law, should be as extensive as that which would occur by express assignment, and that, by payment and filing the required notice, the party paying should be *ipso facto* subrogated to all the right of the judgment creditor. If a party attempts to enforce contribution when he is not entitled to it, or for a greater amount than is his due, of course he could be enjoined.

The ground upon which the court below decided the case was that, Moffett's property not having been levied upon on execution, his payment was voluntary, and extinguished the judgment. His view seems to have been that a party is entitled to the benefit of the judgment to enforce contribution only when it has been satisfied by sale of his property on execution, or when he pays it before sale, but *after levy*. This, in our opinion, is not what the statute means when it speaks of paying "without sale" and "before sale." It will be observed that these expressions occur in the first part of the section, which treats of the right, not of subrogation, but to contribution and repayment. At common law or in equity it was never suggested that the right of contribution or repayment was at all dependent upon the fact that the debt was collected by legal process. A surety, for example, need not even wait to be sued. Payment, of course, must be compulsory, in the sense that the party was under legal obligations to pay the debt, but only in that sense. If the party is bound to pay the debt, there is no conceivable reason why, to entitle him to contribution, he should be required to wait until his property is seized before paying, and

the statute was never intended to require any such thing. It is dealing with the rights of parties where the debt has been paid *after judgment*, and all that was intended by the expressions referred to was to give the party out of whose property the judgment was, in fact, satisfied, this right of contribution or repayment, and of subrogation, whether it was so satisfied by sale on execution or by payment "without sale."

Order reversed.