BETTY REESE v. RUFINA HENKE AND OTHERS.
WILLARD DEITZ AND OTHERS, RESPONDENTS.

174 N. W. (2d) 690.

February 6, 1970—No. 41716.

146

*John E. Castor* and *Moonan & Moonan,* for appellants.
*Berens, Rodenberg & O'Connor,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

ROGOSHESKE, JUSTICE.

Defendants Rufina Henke and Roger Henke, the owner and the driver of an automobile, appeal from the judgment of the trial court awarding contribution to defendants Willard Deitz, Donald Berg, and Green Giant Company for 50 percent of the damages awarded to plaintiff, Betty Reese, in a negligence action. Defendants Henke also appeal from the trial court's order denying their motion for a new trial.

Plaintiff, a passenger in an automobile driven by defendant Roger Henke and owned by his mother, defendant Rufina Henke, was injured when the Henke car collided with the rear end of a truck hauling a load of pea vines. The truck was owned by defendant Deitz and driven by defendant Berg. Upon trial, the jury by special verdict found both drivers negligent, and that the negligence of the truckdriver was a proximate cause of the collision but the negligence of the automobile driver was not. The special verdict also included a finding that defendant Green Giant's negligence in improperly loading the truck so as to conceal the taillights was also a proximate cause of the collision. Accordingly, upon findings adopting the special verdict of the jury, a judgment for the damages awarded plaintiff was entered against defendants Deitz, Berg, and Green Giant, and their cross-claims for contribution against appellants, which were litigated as part of the negligence action, were denied.

It should be noted that the jury found distinct and separate acts of causal negligence by defendant Berg and defendant Green Giant. No special question was asked with respect to defendant

Deitz' negligence. However, the court, as permitted under Rule 49.01, Rules of Civil Procedure, incorporated in its findings that the accident and damages complained of "were caused by the negligence of the defendants, Willard Deitz, Donald Berg and the Green Giant Company as the direct cause thereof and that said Willard Deitz and Donald Berg were then employees of the defendant, Green Giant Company, and in the course and scope of their employment." It is not at all clear that this was intended to find defendant Deitz guilty of a separate act of causal negligence since, despite appellants' argument to the contrary, our reading of the evidence leaves us very much in doubt whether it would support such a finding.

Upon appeal, this court, in Reese v. Henke, 277 Minn. 151, 152 N. W. (2d) 63, held that the automobile driver's negligence was as a matter of law a proximate cause of the accident, and that defendants Berg, Deitz, and Green Giant were therefore entitled to contribution from appellants. Upon remand, appellants moved the court for an order amending the special verdict and findings and apportioning the damages awarded plaintiff to require appellants to pay one-fourth, and defendants Berg, Deitz, and Green Giant each to pay one-fourth. In response, the latter three defendants sought an order of the court amending the findings, in accordance with their interpretation of our decision, to require appellants to pay 50 percent of the damages awarded, which at that time had been paid by those three defendants to plaintiff. In response, by amendment to their motion, appellants sought to escape all liability for contribution by seeking amended findings to the effect that the negligence of defendants Berg, Deitz, and Green Giant amounted to distinct and independent acts of intentional negligence; that the marriage of the plaintiff, Betty Reese, to appellant Roger Henke on April 3, 1965, prior to payment of the judgment by defendants Berg, Deitz, and Green Giant on June 9, 1965, immunized appellant Roger Henke from the payment of any contribution; and finally, that appellant Rufina Henke's liability, predicated as it is on the imputed neg-

ligence of appellant Roger Henke under Minn. St. 170.54 of the Safety Responsibility Act, does not give rise to liability for contribution. The motions were submitted on the record of the trial in the main action, and the trial court concluded that appellants are liable in contribution for 50 percent of the original judgment. Judgment was entered accordingly and this appeal was taken.

From the findings of the court and the supplementary memorandum, it appears that the court's determination to order judgment for 50-percent contribution may have been based upon a misreading of the import of our decision as intending to decide not only the issue of the right to contribution but the apportionment thereof. In the prior appeal, however, we decided no more than that appellant Roger Henke's negligence was a direct, concurring cause of the accident as a matter of law and, accordingly, that appellants were liable for contribution to the other joint tortfeasors. We did not undertake to determine the pro rata share of their liability.

1-2. On this appeal, the three defendants' position is primarily that appellants are liable for 50 percent of the damages because such was our decision upon appeal. Despite the contentions of appellants, the trial court made no findings as to whether each of the other defendants' acts of negligence was separate and distinct. Such a finding would be essential to determining the amount of each defendant's liability for contribution. This is so because where there is common liability between parties for the same damages, contribution requires equality of treatment. Skaja v. Andrews Hotel Co. 281 Minn. 417, 161 N. W. (2d) 657. This means that each tortfeasor is required to ultimately pay his pro rata share of the award, to be determined by dividing the award by the number of tortfeasors. Where there are multiple tortfeasors, distinct acts of each which directly cause the damages must be independently considered to determine the number of tortfeasors who are liable for contribution. Where one or more of such defendants is liable solely on the basis of negligence imputed to him by virtue of his relationship with one of the other

tortfeasors, the one guilty of negligence and the one to whom that negligence is imputed are to be treated as one party for the purpose of measuring the pro rata share of contribution due to the others. Zeglen v. Minkiewicz, 12 N. Y. (2d) 497, 240 N. Y. S. (2d) 965, 191 N. E. (2d) 450; Wold v. Grozalsky, 277 N. Y. 364, 14 N. E. (2d) 437, 122 A. L. R. 518. It is not the number of automobiles involved in the accident but, rather, the number of tortfeasors whose separate and distinct acts of negligence directly caused the damage which must be considered. Larsen v. Minneapolis Gas Co. 282 Minn. 135, 163 N. W. (2d) 755. It follows that appellant Rufina Henke's claim that she is not liable for contribution is without merit.

In the absence of findings with respect to appellants' claim that each of the other defendants was guilty of independent acts of causal negligence, we cannot determine the pro rata share of contribution owed by defendants Henke to the others who have paid the judgment, and the matter must be remanded for resolution of the conflicts in the evidence and determination by the trial court.

The special verdict on the trial of the issues raised by the pleadings was rendered October 28, 1964; findings pursuant thereto were dated February 17, 1965; and judgment was filed March 18, 1965. On April 3, 1965, plaintiff married appellant Roger Henke. Thereafter, the judgment was paid by defendants Deitz, Berg, and Green Giant on June 4, 1965. The latter defendants' appeal seeking a reversal of the denial of their right to contribution from appellants Henke was heard by this court January 11, 1967, and our opinion reversing the trial court's adjudication of that issue was filed June 30, 1967. Upon remand, appellants, relying upon Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478, contended that the marriage of plaintiff to appellant Roger Henke prior to the payment of the judgment immunized appellant Roger Henke from liability for any contribution. The trial court refused to apply the rule of interspousal immunity, concluding that "the rights of the parties should be

determined at the time of the trial and not by subsequent events."
We agree.

The record makes clear that the issue of defendants' right to
contribution from each other, as well as their pro rata liability,
was properly raised and fully litigated at trial. Even though ap-
pellants claim that the negligence of the other defendants
amounted to intentional wrongs, no attempt was made to
separate the trial of the issues of liability to plaintiff and any
of the issues raised by the cross-claims for contribution as could
have been done under Rule 42.02, Rules of Civil Procedure. In
spite of the intervening marriage, the effect of our decision on
the prior appeal was to correct an error of law, and the decision
related back to what should have been ordered at trial. All of the
defendants appear to have so viewed the matter, for, upon the
former appeal, appellants advanced no argument that the
absence of the essential of common liability resulting from the
marriage and the application of the rule of interspousal immu-
nity rendered the issue of the right to contribution from them
moot. Indeed, so far as we can learn, the fact of the intervening
marriage before payment of the judgment was not disclosed upon
the prior appeal either in the briefs or upon oral argument.

Furthermore, on remand, the issue of apportionment raised
by defendants' motions to amend the special verdict and findings
and to apportion the damages was submitted on the record of
the trial. While payment of more than one's share of the judg-
ment is a necessary prerequisite to recover contribution, our
rules of procedure authorize and contemplate that pleading and
litigating the issues respecting the right to maintain an action
for contribution, and the parties' liability therefor upon nonpay-
ment of their shares of the award, be litigated in one trial.
Koenigs v. Travis, *supra*. Had the issues raised by the cross-
claims been separated and reserved for a later trial because, for
example, it was deemed prejudicial to all defendants to inject
evidence of intentional wrongs relevant only to the issue of con-
tribution into the trial of the issues of defendants' liability to

152

plaintiff, the claim of interspousal immunity could then have been interposed prior to trial and properly presented for decision to the trial court. Since the marriage did not occur before trial of defendants' cross-claims for contribution, under the procedural circumstances peculiar to this case there is no factual foundation for either the application of the rule of interspousal immunity or, in view of our recent decision in Beaudette v. Frana, 285 Minn. 366, 173 N. W. (2d) 416, for the advocacy, by the defendants adverse to its application, of retrospective abrogation of the rule.

Reversed and remanded.