DAVID HAMILTON SAMUELSON, TRUSTEE FOR THE
HEIRS OF SELMA SAMUELSON, v. CHICAGO, ROCK
ISLAND AND PACIFIC RAILROAD COMPANY
AND ANOTHER.
DAVID URBAN SAMUELSON, THIRD-PARTY
DEFENDANT.

178 N. W. (2d) 620.

June 5, 1970—No. 41945.

*Robb, Van Eps & Gilmore* and *Duane E. Arndt,* for appellant.
*Stringer, Donnelly, Allen & Sharood* and *Charles A. Flinn, Jr.,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Plaintiff-trustee's action to recover damages for death by wrongful act was compromised and settled before trial by defendant and third-party plaintiff, Chicago, Rock Island and Pacific Railroad Company (hereinafter Rock Island). The subsequent trial of Rock Island's claim for contribution resulted in a determination that the settlement was reasonable and that the negligence of third-party defendant, David Urban Samuelson (hereinafter appellant), was a causal factor in the death. This appeal raises the sole issue of whether Rock Island may recover contribution from appellant to the extent of one-half of the settlement absent a judgment that Rock Island was causally negligent.

On August 12, 1962, an automobile driven by appellant was struck by a train owned and operated by Rock Island on tracks owned by defendant Chicago, Milwaukee, St. Paul and Pacific Railroad Company. The accident resulted in the death of appel-

lant's wife, Selma, then aged 71 years, who was a passenger in the automobile. An action for death by wrongful act was commenced against the railroad companies. Rock Island filed a cross-claim against appellant for contribution or indemnity. Prior to trial, Rock Island paid plaintiff-trustee $1,500 in settlement and release of all claims against all parties, including appellant. The record does not reveal whether this settlement was made with the knowledge and consent of appellant, or over his objection. Thereafter, Rock Island's claim for contribution was separately tried and submitted to the jury on special interrogatories. Although indemnity was pleaded as an alternative claim, Rock Island, by agreement with appellant and with the approval of the court, withdrew its claim for indemnity against appellant, thereby effectively limiting its claim to one-half of the settlement. The record gives no indication whatsoever as to reasons for such an agreement. Despite persuasive evidence which would have permitted, if not compelled, the jury to find that Rock Island was not causally negligent, the court refused to submit a special interrogatory covering whether any negligence on Rock Island's part was causally related to the accident. In answer to the questions submitted, the jury found the $1,500 settlement "reasonable and provident under all the facts and circumstances," and that appellant's negligence was a proximate cause of the accident. Accordingly, judgment for $750 contribution in favor of Rock Island was entered.

Appellant does not contest the findings that the settlement was reasonable and that he was causally negligent, nor does he deny that Rock Island had a right to cross-claim for contribution against him in the cause of action pleaded by plaintiff-trustee. However, he does contend that since the right to contribution between two tortfeasors is based upon common liability for the specific damages for which recovery is being sought,[1] there can

---

[1] Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Kemerer v. State Farm Mutual Auto. Ins. Co. 201 Minn. 239, 276 N. W. 228; American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847.

be no recovery of contribution except upon a finding of causal negligence on the part of all joint tortfeasors. Appellant argues that since Rock Island's causal negligence has not been adjudicated, entry of judgment for contribution denies appellant the right to have the issue of Rock Island's liability determined by a jury in order to establish its common liability to plaintiff-trustee, an essential prerequisite to a noncompromising tortfeasor's right to recover contribution.

As stated in Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843, contribution is an equitable action for the restitution of part of the amount paid by one party in satisfaction of an obligation owed jointly with the other party, while indemnity is the corresponding action for restitution of the whole amount paid by one party in satisfaction of an obligation of the other party. Both actions are based upon equitable principles of fairness: Parties who share liability for an injury should recompense that injury equally or, if not equally liable, in proportion to their liability.[2] Restitution by contribution or indemnity also prevents the unjust enrichment of a tortfeasor found liable for damages which have been satisfied by another party.

Although we have often stated that common liability is the essence of an action for contribution,[3] the requirement of common liability was interposed to guarantee that contribution be recovered only from a party who was liable for the damages already satisfied by the party seeking contribution. See, e. g.,

---

[2] Reese v. Henke, 286 Minn. 145, 174 N. W. (2d) 690; Farmers Ins. Exch. v. Village of Hewitt, 274 Minn. 246, 143 N. W. (2d) 230; Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 50 N. W. (2d) 689.

[3] E. g., Ankeny v. Moffett, *supra*; Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478. See, also, Farmers Ins. Exch. v. Village of Hewitt, *supra*, wherein we noted that contribution is based on common liability, not joint negligence or joint tort, and that common liability may be found where both parties to the contribution action are liable for the same injury even though liability may rest on different grounds.

American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847, where a claim for contribution from the spouse of the original plaintiff was denied on the ground that the defense of marital immunity prevented his liability on the principal claim. We are aware of no Minnesota case in which the nonadjudicated liability of the party seeking contribution was a determinative issue.[4] In Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766, contribution in favor of a party who had compromised and settled the principal claim was affirmed, the court stating that judgment of liability is not a condition precedent to recovery of contribution or indemnity.[5] The instant case differs from McCarthy only in the respect that there is little or no evidence of causal negligence on the part of the compromising defendant, who nevertheless and for reasons unrevealed to us entered into a binding, court-approved agreement not to pursue its claim against appellant for indemnity.[6]

A right to contribution or indemnity between tortfeasors normally arises in favor of a defendant who, not acting as a volunteer, enters into a reasonable settlement with the plaintiff, the result of which is to release the other defendants. A case for recovery of indemnity will be established where it is subsequently

---

[4] In Rusch v. Korth, 2 Wis. (2d) 321, 86 N. W. (2d) 464, contribution was granted to a party who compromised and settled the principal claim and who was subsequently found by special verdict not to have been liable on that claim. The court there pointed out that the settling party was not a mere volunteer, since she had been sued and was "in serious jeopardy of judgment against her." The result in Rusch v. Korth was subsequently affirmed as an application of the law of subrogation. Perkins v. Worzala, 31 Wis. (2d) 634, 143 N. W. (2d) 516. As in the Perkins case, we are not compelled to reach the question of whether indemnity in this context is more appropriately labeled subrogation, since it has not been adjudicated, as in the Rusch case, that the party seeking contribution was free of negligence.

[5] See, also, Gustafson v. Johnson, 235 Minn. 358, 51 N. W. (2d) 108; Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. *supra.*

[6] The record is silent as to the reasons, and there was no occasion for inquiry as the appeal was submitted without oral argument.

shown that the tortfeasor joined in the action by the compromising defendant is solely liable for the injury, while a case for recovery of contribution will be established where it is shown that such liability is shared by the parties defendant. There can be no doubt that Rock Island was not acting as a volunteer when it settled the principal claim because (1) plaintiff-trustee filed its claim only against the railroad companies; (2) the jury found the settlement to have been reasonable under the circumstances; and, perhaps most significantly, (3) the trial court, with the agreement of appellant, approved Rock Island's relinquishment of its claim for indemnity.[7] If it could have been shown that appellant was solely responsible for the accident, we see no reason why Rock Island should not have been entitled to full restitution.[8] Therefore, in the peculiar circumstances of this case, we are compelled to regard Rock Island's settlement and subsequent relinquishment of its indemnity claim as a judicial admission of liability for the death of plaintiff's decedent binding upon the parties for the limited purpose of establishing the common liability essential to recover contribution.[9] To do otherwise would result in unjust enrichment of appellant. While settlement of a claim based on negligence before trial may very well be an advantageous tactic for a litigant professing his own nonliability, we can perceive no reason why such a litigant, once having settled, would relinquish his claim for indemnity from third-party defendant in favor of his claim for contribution if at that point in time he continued to maintain his position of nonliability.

---

[7] See, Ankeny v. Moffett, *supra*; Kemerer v. State Farm Mutual Auto. Ins. Co. *supra*.

[8] See, Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843; Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766.

[9] Cf. Esser v. Brophey, 212 Minn. 194, 3 N. W. (2d) 3. Such a result may actually be expected to encourage settlement of lawsuits since the effect is to relieve the settling party of the burden of proving its own negligence in the subsequent action for contribution.

Finally, we can conceive of no basis for appellant to claim prejudice resulting from the disposition of this case. Since the jury found that the settlement was reasonable and that appellant was causally negligent, Rock Island's admission of liability effectively reduces appellant's potential burden of restitution for the full amount of the settlement (on a claim for indemnity) to half of the settlement (on a claim for contribution). Upon this record, it would be entirely unreasonable and unfair to Rock Island to require it to prove as a part of its case in chief that it was causally negligent, even though it has been stated that it is usually held that the compromiser must sustain that burden of proof.[10] To allow appellant, who might have been found solely liable for the accident, to avoid contribution on the ground that Rock Island's liability has not been adjudicated would, as we have noted, unjustly enrich appellant, a result which the remedy of restitution upon a claim of either contribution or indemnity was intended to prevent.

Affirmed.