Glennice L. HOUSER, individually and as surviving wife of Russell M. Houser, deceased; and Patrick S. Houser by his next friend, Glennice L. Houser, Plaintiffs, Appellees and Cross-Appellees,

v.

Timothy J. GILBERT, Harlin Fraedrich, d/b/a Fraedrich Trucking Co., Defendants, Third-Party Plaintiffs and Cross-Appellants.

Mike BRAKKE, Defendant, Third-Party Plaintiff, Appellant and Cross-Appellee,

v.

Paul BRAKKE, Steven Brakke, Donald Brakke and Virgil Torgerson, Third-Party Defendants.

Civ. No. 10740.

Supreme Court of North Dakota.

March 13, 1985.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendants, third-party plaintiffs and cross-appellants; argued by John H. Moosbrugger, Grand Forks.

Cahill, Jeffries & Maring, Moorhead, Minn., for defendant, third-party plaintiff, appellant and cross-appellee; argued by Leah Fujimoto, Moorhead, Minn.

ERICKSTAD, Chief Justice.

Timothy J. Gilbert (Gilbert) and Harlin Fraedrich, doing business as Fraedrich Trucking Co. (Fraedrich) appealed from a district court order denying their motion for reimbursement, contribution, or indemnity for $250,000 that they paid Glennice L. and Patrick S. Houser (Houser) to settle the Housers' claims against them for the wrongful death of Russell M. Houser. We affirm.

On October 12, 1981, Russell Houser was killed in a collision between a tractor/trailer he was operating and a tractor/trailer operated by Gilbert. The collision occurred on a highway adjacent to a sugar beet field being harvested by Mike Brakke (Brakke).

Houser brought suit against Gilbert, Fraedrich (the owner of the tractor/trailer operated by Gilbert), and Brakke. Brakke answered the complaint and cross-claimed against Gilbert and Fraedrich for contribution of all or part of any sum required to be paid by Brakke to Houser. Gilbert and Fraedrich answered the complaint and cross-claimed against Brakke for contribution for all or part of any sum required to be paid by them to Houser and for property damages sustained by Fraedrich as a result of the collision. Numerous other third, fourth, and fifth-party complaints not relevant here, involving these and other parties, were instituted and later severed for trial.

Prior to trial, Gilbert and Fraedrich entered into a settlement agreement with Houser, pursuant to which Gilbert and Fraedrich paid Houser $250,000 and Houser's claims against them were dismissed.[1]

Wegner, Fraase, Nordeng & Johnson, Fargo, for plaintiffs, appellees and cross-appellees; argued by Mark R. Fraase, Fargo.

1. The release resulting from the settlement provided:

"For and in consideration of payment to Plaintiff, Glennice L. Houser, ... of the sum

Gilbert and Fraedrich remained as parties to the action for the purpose of pressing their claim against Brakke for property damages to Fraedrich's tractor/trailer.

Trial of the action resulted in a special verdict in which the jury determined that: (1) Brakke was 100% negligent and Gilbert was 0% negligent;[2] (2) $378,000 "will fairly compensate the Plaintiff, Glennice Houser, and child"; and (3) $47,000 "will fairly compensate Defendant Fraedrich on his cross-claim for destruction of his property."

A judgment in favor of Houser was entered on November 10, 1983, in the amount of $378,000, plus costs and disbursements. A judgment in favor of Fraedrich was entered on November 17, 1983, in the amount of $47,000, plus costs and disbursements.

On December 8, 1983, Brakke served a motion for a new trial. On December 14, 1983, Gilbert and Fraedrich served a motion

"for an Order requiring defendant Mike Brakke to pay to, contribute to, or indemnify defendants Timothy J. Gilbert and Harlin Fraedrich d/b/a Fraedrich Trucking Company in the amount of $250,000.00 or, in the alternative, for an Order requiring plaintiff to repay, contribute to, or indemnify defendants Timothy J. Gilbert and Harlin Fraedrich d/b/a Fraedrich Trucking Company in the amount of $250,000.00."

By order of May 8, 1984, the district court denied Brakke's motion for new trial and denied Gilbert and Fraedrich's motion for payment, contribution, or indemnity. Brakke appealed from the judgments and the order denying his motion for a new trial. Gilbert and Fraedrich appealed from the order denying their motion for reimbursement, contribution, or indemnity.

Pursuant to stipulation of the parties, we remanded the case to allow consideration of a motion for certification under Rule 54(b), N.D.R.Civ.P. On August 20, 1984, the district court determined that there was no just reason for delay and ordered the entry of final judgment pursuant to Rule 54(b), N.D.R.Civ.P. Amended judgments in favor of Houser and Fraedrich were entered on August 23, 1984.

Brakke thereafter appealed from the amended judgments and the May 8, 1984, order denying his motion for a new trial and Gilbert and Fraedrich appealed from the May 8, 1984, order denying their motion for reimbursement, contribution, or indemnity.

Through settlement, stipulation, and dismissal, the only appeal before us is that of Gilbert and Fraedrich. They have raised the following issue:

"Whether, in a wrongful death suit arising out of a motor vehicle accident where three defendants are named and

---

of Two Hundred Fifty Thousand and no/100 ($250,000.00) Dollars, ... Housers ... release and discharge Timothy J. Gilbert and Harlin Fraedrich, d/b/a Fraedrich Trucking Company ... from all claims or demands of whatever kind or nature ....

"Housers hereby accept said sum as a fair compromise and settlement of all claims and demands against Fraedrichs and agree not to pursue any action for damages or other relief against Fraedrichs. Fraedrichs assert, and Housers agree, that the payment of said sum is not considered an admission of any liability whatsoever by Fraedrichs, who expressly deny all liability for Housers damages.

\* \* \* \* \* \*

"This Agreement is intended to release only Fraedrichs and Housers expressly reserve all their claims arising out of this incident against all other persons or entities, including, but not limited to, Michael Brakke, ...

"This Agreement is a release pursuant to the North Dakota Supreme Court decision of *Bartels v. City of Williston*, 276 N.W.2d 113 (N.D. 1979) and shall be so construed. Housers agree that they will not attempt to enforce any judgment against those parties not released by this agreement beyond that percentage of causal negligence or other causal conduct allocated to *those parties* concerning this incident."

2. Counsel for Houser advised us at oral argument that he changed his trial strategy as a result of the settlement and tried to exonerate Gilbert in order to impose liability on Brakke. See *Schwartz v. Ghaly*, 318 N.W.2d 294, 302 (N.D.1982) (Sand, J., concurring specially). See also V. Schwartz, Comparative Negligence § 16.5 (1974).

alleged to be negligent tortfeasors, where two of the tortfeasors settle with the plaintiffs prior to trial and obtain a Bartels-type release but remain in the lawsuit to litigate their property damage cross-claim, and where the jury finds the nonsettling defendant 100% negligent and the settling defendants 0% negligent, the settling defendants are entitled to indemnity or contribution from the non-settling defendant?"

Also before us is a motion by Houser to dismiss the appeal of Gilbert and Fraedrich on the ground that it was not timely filed. Houser and Brakke also assert that the appeal of Gilbert and Fraedrich is frivolous, entitling them to costs and attorney fees pursuant to Rule 38, N.D.R.App.P.

Because the jury determined that Brakke was 100% negligent, Gilbert was 0% negligent, and $378,000 would fairly compensate Houser, Gilbert and Fraedrich assert that they are entitled to reimbursement, contribution, or indemnity under § 9–10–07, N.D.C.C., and *Bartels v. City of Williston,* 276 N.W.2d 113 (N.D.1979).

Section 32–38–01(4), N.D.C.C., provides:

"4. A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable."

The release executed by Houser expressly reserved all claims against Brakke, whose liability, therefore, was "not extinguished by the settlement." Gilbert and Fraedrich concede that § 32–38–01(4), N.D.C.C., would deny them a contribution recovery against Brakke, but they assert that it is in irreconcilable conflict with § 9–10–07, N.D.C.C., which, under *Bartels, supra,* must prevail.

Section 9–10–07, N.D.C.C., provides in pertinent part that:

"... When there are two or more persons who are jointly liable, contributions to awards shall be in proportion to the percentage of negligence attributable to each; provided, however, that each shall remain jointly and severally liable for the whole award...."

We concluded in *Bartels, supra,* that § 32–38–02(1), N.D.C.C., and a portion of § 32–38–04(1), N.D.C.C., had been impliedly repealed by the enactment of § 9–10–07, N.D.C.C. We were not required in that case to determine the effect of § 9–10–07, N.D.C.C., on § 32–38–01(4), N.D.C.C.

Section 32–38–01(4), N.D.C.C., relates to the subject of contributions to amounts paid in settlement of claims without trial. The relevant portion of § 9–10–07, N.D.C.C., quoted above, relates to contributions to damage awards resulting from trial of an action. Because the subject-matters of the two statutes are different, the statutes are not in conflict. We therefore conclude that § 32–38–01(4), N.D.C.C., has not been impliedly repealed by the enactment of § 9–10–07, N.D.C.C. The $250,000 paid by Gilbert and Fraedrich was not a contribution to an award but a settlement of a claim. Gilbert and Fraedrich are, therefore, not entitled to recover contribution from Brakke. Nor have Gilbert and Fraedrich shown any right to indemnification. *See Sayler v. Holstrom,* 239 N.W.2d 276 (N.D.1976).

In our view, Gilbert and Fraedrich's reliance upon decisions such as *Lemmer v. IDS Properties, Inc.,* 304 N.W.2d 864 (Minn.1980); *Lange v. Schweitzer,* 295 N.W.2d 387 (Minn.1980); and *Samuelson v. Chicago, Rock Island & Pacific Railroad Co.,* 287 Minn. 264, 178 N.W.2d 620 (1970), is misplaced. In *Lemmer, supra,* the court concluded that all of the defendants involved had been released by the plaintiffs. In *Lange, supra,* the plaintiff's recovery was limited because *non-settling* defendants whose negligence totaled 40% were entitled to contribution from a 60% negligent settling defendant whom the plaintiff had agreed to indemnify for any contribution awarded. *Samuelson, supra,* involved a settlement that released all claims against all parties.

In view of our conclusion that § 32–38–01(4), N.D.C.C., bars Gilbert and Fraedrich from recovering contribution, we need not determine whether the language of the release they secured, through which they "bought their peace" [*See* Commissioners' Comment, Uniform Contribution Among Tortfeasors Act (1955 Revised Act), § 1(d), 12 Uniform Laws Annotated (Master Ed. 1975), quoted in *Bartels, supra,* 276 N.W.2d at 116], would also bar contribution.

Several weeks after Gilbert and Fraedrich filed their brief on the merits of their appeal, Houser moved to dismiss the appeal. Ordinarily, we would dispose of a motion to dismiss an appeal before reaching the merits of an appeal. In the interest of judicial economy, however, we do not do so in this case because at this stage either disposition on the merits or dismissal would cause the same result—affirmance—and we prefer to decide cases on the merits whenever possible, rather than dismissing or remanding on a technical ground, particularly when the record and briefs on the merits have been filed. *See Matter of Estate of Raketti,* 340 N.W.2d 894 (N.D. 1983); *Dossenko v. Dossenko,* 294 N.W.2d 909 (N.D.1980); *Liebelt v. Saby,* 279 N.W.2d 881 (N.D.1979); *Dehn v. Otter Tail Power Co.,* 248 N.W.2d 851 (N.D.1976). We see no precedential value in extended discussion of the motion to dismiss the appeal. The motion is denied.

■ The final matter to be resolved is the assertion that the appeal is frivolous, justifying an award of costs and attorney fees pursuant to Rule 38, N.D.R.App.P. An appeal is frivolous if it is flagrantly groundless. *Mitchell v. Preusse,* 358 N.W.2d 511 (N.D.1984); *Lentz v. Lentz,* 353 N.W.2d 742 (N.D.1984); *Nissen v. City of Fargo,* 338 N.W.2d 655 (N.D.1983); *In re Estate of Honerud,* 326 N.W.2d 95 (N.D. 1982); *Danks v. Holland,* 246 N.W.2d 86 (N.D.1976).

The issue presented for review in this appeal had not previously been decided by this Court. *See In re Estate of Honerud, supra.* The appeal was not devoid of merit. *See Mitchell v. Preusse, supra.* We believe that "the issue ultimately to be decided is a significant issue." *Blue Arm v. Volk,* 254 N.W.2d 427, 429 (N.D.1977).

■ There was a plausible argument that under *Bartels, supra,* § 32–38–01(4), N.D.C.C., might have been impliedly repealed by the enactment of § 9–10–07, N.D. C.C. The role of contribution and indemnity in cases in which some, but not all, parties settle and obtain releases and in which comparative negligence statutes such as § 9–10–07, N.D.C.C., are involved is an area that is fraught with uncertainty and strong conflicting views, as evidenced by our extended discussion of several Minnesota and Wisconsin cases on the subject in *Bartels, supra.* While frivolous appeals are to be condemned, litigants ought not be dissuaded from seeking appellate resolution of undecided issues, clarification of the law, or from presenting "a good faith argument for an extension, modification, or reversal of the law." EC 7–4, North Dakota Code of Professional Responsibility. As we said in *Danks v. Holland, supra,* 246 N.W.2d at 91:

> "[W]e would deplore any tendency to request a finding of frivolity in any appeals except those flagrantly groundless, ..."

The appeal was not frivolous and the motion for damages and costs including attorney fees under Rule 38, N.D.R.App.P., is denied.

For the reasons stated, the order appealed from is affirmed, the motion to dismiss the appeal is denied, and the motion under Rule 38, N.D.R.App.P., is denied.

GIERKE, VANDE WALLE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.