David A. OELSCHLAGER, Appellant,

v.

Albert C. MAGNUSON, personally, and as Pastor for the Redeemer Covenant Church of Brooklyn Park, Defendant,

Northwest Conference of the Evangelical Covenant Church of America, et al., Defendants,

Redeemer Covenant Church of Brooklyn Park, Respondent.

No. C5-94-1252.

Court of Appeals of Minnesota.

Feb. 28, 1995.

Review Denied April 27, 1995.

Jeffrey R. Anderson, Mark A. Wendorf, Teresa K. Patton, St. Paul, Charles W. Faulkner, Faulkner & Faulkner, Minneapolis, James W. Kerr, Prior Lake, for appellant.* ·

Kenneth F. Daniels, Minneapolis, for defendant Albert C. Magnuson.

W.D. Flaskamp, Meagher & Geer, Minneapolis, for respondent Redeemer Covenant Church of Brooklyn Park.

Considered and decided by RANDALL, P.J., and CRIPPEN and MULALLY **, JJ.

---

* Although the parties have captioned their briefs and other filings in this appeal using the initials "O.D.A." to represent appellant, pursuant to an order of the trial court filed on January 24, 1994 the official title of this case names "David A. Oelschlager" as the plaintiff.

## OPINION

CRIPPEN, Judge.

A jury found that a pastor, while acting within his scope of employment with respondent, sexually battered appellant. The jury apportioned negligence between appellant David Oelschlager (none), a settling defendant (60 percent), and respondent Redeemer Covenant Church of Brooklyn Park (40 percent). The trial court ordered judgment against Redeemer for only 40 percent of the jury's verdict because of the settlement with the other negligent defendant. Appellant contends that his settlement should be disregarded and he should recover 100 percent of the verdict from Redeemer because it is vicariously liable for the pastor's intentional tort under the principle of respondeat superior. We conclude: (1) Affirming the trial court, that disregarding appellant's settlement would require Redeemer to pay more than its fair share of the verdict; and (2) reversing the trial court, that the vicarious liability claim against Redeemer is also barred by the statute of limitations.

## FACTS

Appellant was sexually abused by Albert Magnuson from September 1972 until June 1982. At the time, Magnuson was a pastor at Redeemer and appellant was a member of the church. The abuse occurred while Magnuson was providing religious and emotional counseling to appellant on sexual issues.

In August 1991, appellant commenced a personal injury action for damages caused by Magnuson's abuse, suing Magnuson, Redeemer, the Northwest Conference of the Evangelical Covenant Church of America, an umbrella organization for Redeemer and other congregations, and the Evangelical Covenant Church of America, a still larger grouping of congregations. Appellant settled with the Northwest Conference and the larger

---

** Retired judge of the district court, serving as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

church body in exchange for a *Pierringer* release, and then proceeded to trial against Redeemer and Magnuson.

The jury returned a special verdict finding that Magnuson had committed a battery against appellant and the battery occurred within the scope of Magnuson's employment with Redeemer. The jury also found that Redeemer and the Northwest Conference were negligent and appellant was not negligent.[1] The jury apportioned 40 percent of the negligence to Redeemer and 60 percent to the Northwest Conference.

In post-trial motions, Redeemer argued that it was not liable for Magnuson's conduct under the doctrine of respondeat superior because (1) the statute of limitations had run on appellant's respondeat superior claim, and (2) Magnuson was acting outside his scope of employment as a matter of law when he abused appellant. Alternatively, Redeemer argued that the judgment against it should be reduced to 40 percent of the verdict[2] based on appellant's settlement with the Northwest Conference and the jury's apportionment of negligence. The trial court granted Redeemer's motion to reduce the judgment but otherwise rejected its motion for judgment notwithstanding the verdict.

On appeal, Oelschlager argues that Redeemer is not entitled to a reduction in the judgment because of his settlement. In its notice of review, Redeemer questions the trial court's rulings on the statute of limitation and Magnuson's scope of employment.

## ANALYSIS

### I. Amount of Judgment

Redeemer is liable to appellant under two different legal theories: direct liability for its own negligence and vicarious liability under respondeat superior. Appellant asserts that he is seeking recovery from Redeemer under respondeat superior. *See Lange v. National Biscuit Co.*, 297 Minn. 399, 401, 211 N.W.2d 783, 786 (1973) (permitting plaintiff to recover from the employer under either theory of liability). He argues that under that theory his settlement and *Pierringer* release with the Northwest Conference are irrelevant and he is entitled to judgment against Redeemer for 100% of his damages.

■ An essential element of a *Pierringer* release is the claimant's agreement to indemnify the settling tortfeasor from any claims of contribution that may be brought by a non-settling tortfeasor, and to surrender any judgment he obtains against the non-settling tortfeasor to the extent the settling tortfeasor has been released. *Frey v. Snelgrove*, 269 N.W.2d 918, 920 n. 1 (Minn.1978). This ensures that the non-settling tortfeasor is only responsible for its fair share of the verdict. *Id.* at 922. Accordingly, a plaintiff who enters into a *Pierringer* release is limited to recovering that portion of the damages attributable to the non-settling tortfeasor. *See id.; Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794, 797 (Minn.1987).

There is no dispute that if the verdict against Redeemer were based solely on its negligence, its fair share of liability would be 40 percent, as determined by the jury's apportionment of negligence, and the judgment would be reduced accordingly. *See e.g. Frederickson*, 402 N.W.2d at 797. We are to determine the amount of Redeemer's fair share if the verdict against it were predicated solely on its vicarious liability. We find guidance principally by considering whether Redeemer would have a contribution claim against the Northwest Conference if it had to pay the entire verdict.

■ Contribution is an equitable cause of action whereby one party seeks restitution from another for part of a payment made in satisfaction of a joint obligation. *Samuelson v. Chicago, Rock Island & Pacific Ry.*, 287 Minn. 264, 267, 178 N.W.2d 620, 623 (1970).

---

1. The trial court previously determined there was no evidence that the Evangelical Covenant Church of America had been negligent so it was not included on the special verdict form.

2. Although the jury assessed punitive damages against Magnuson, Redeemer is not liable for those damages. Because the punitive damage award is not at issue in this appeal the terms "verdict", "damages" and "the damage award" refer solely to the compensatory damages awarded by the jury.

It is based on the equitable consideration that "[p]arties who share liability for an injury should recompense that injury equally or, if not equally liable, in proportion to their liability." *Id.* (citations omitted). Contribution requires common liability of two or more actors and payment by one of the actors of "more than its fair share of a common liability." *City of Willmar v. Short–Elliott–Hendrickson, Inc.*, 512 N.W.2d 872, 874 (Minn. 1994). Common liability exists where the actors are liable to the injured party for the same damages, even if their liability rests on different legal theories. *Id.* (citing *Farmer's Ins. Exch. v. Village of Hewitt*, 274 Minn. 246, 249, 143 N.W.2d 230, 233 (1966)).

In the absence of the *Pierringer* release, Redeemer and the Northwest Conference would be liable to appellant for the same damages, even though their liability might be based on different legal theories. Thus, the parties have a common liability. And where Redeemer's liability is only vicarious, the entire liability would constitute more than Redeemer's fair share of its common liability with the Northwest Conference.

 Respondeat superior imposes liability on an employer for the acts of its employees, not because the employer is at fault, but as a matter of public policy. *See Lange*, 211 N.W.2d at 785. The employer is not ultimately responsible for the plaintiff's damages. Thus, the employer is entitled to full reimbursement from the employee who caused the plaintiff's injuries for any damages paid under respondeat superior. *Schneider v. Buckman*, 433 N.W.2d 98, 102 (Minn.1988); *Kellen v. Mathias*, 519 N.W.2d 218 (Minn.App.1994). Equity precludes requiring a merely vicariously liable employer

to pay all of the damages and then allow a joint tortfeasor, whose actions were a direct cause of the plaintiff's injuries, to escape all responsibility by denying the employer the right to contribution.

 An intentional tortfeasor is prohibited from seeking contribution from other joint tortfeasors. *Farmer's Ins. Exch.*, 274 Minn. at 255, 143 N.W.2d at 236 (quoting *Kemerer v. State Farm Mut. Auto. Ins. Co.*, 201 Minn. 239, 242, 276 N.W. 228, 230 (1937)). Appellant argues that Redeemer is barred from seeking contribution from the Northwest Conference because Redeemer is vicariously liable for Magnuson's intentional tort. But an intentional tortfeasor is barred from seeking contribution because "the courts will not aid one who has deliberately done harm, so that no man can be permitted to found a cause of action on his own intentional tort." Restatement (Second) of Torts § 886A cmt. j. *Accord Farmer's Ins. Exch.*, 274 Minn. at 260, 143 N.W.2d at 239. A party that is only vicariously liable for another's intentional tort has neither deliberately caused harm nor committed a tort, so the intentional tort theory does not operate to bar Redeemer's right to contribution.[3]

 Because Redeemer would have a contribution claim against the Northwest Conference if it were required to pay the entire verdict, the determination of the amount of its liability is directly affected by appellant's *Pierringer* release, and appellant's judgment against Redeemer must be reduced to Redeemer's fair share of the verdict.

Appellant argues that it would be inequitable to allow Redeemer to profit from his

---

3. The parties have not cited, nor have we been able to locate, any case law that directly answers the question whether a party who is vicariously liable for another's intentional tort can assert a contribution claim against a negligent joint tortfeasor. But *Ankeny v. Moffett*, 37 Minn. 109, 33 N.W. 320 (1887) is instructive.

There, two land owners entered into a joint venture to construct a building on their neighboring lots. The walls of the building collapsed and injured a third-party who obtained a judgment against the owners. One of the owners paid the judgment and then sought contribution from the other. Although it was unclear whether the judgment was predicated on the owners' neg-

ligence or the negligence of their agent, the court held that, in either case, the rule prohibiting intentional tortfeasors from seeking contribution was inapplicable because there was no intentional wrong. But the reason there was no intentional wrong in the case where liability arose from the agent's negligence was not because the agent was merely negligent, but because there was "no personal fault whatsoever" on the part of the landowner. *Id.* at 110–11, 33 N.W. at 320–21. In other words, a party that is only vicariously liable for the acts of another, even for an intentional tort, has not committed an intentional wrong that prohibits it from seeking contribution.

settlement with the Northwest Conference by reducing the judgment. *See Shantz v. Richview, Inc.,* 311 N.W.2d 155, 156 (Minn. 1980). But in the absence of the *Pierringer* release, Redeemer's ultimate liability would be less than 100 percent of the verdict because it would have a contribution claim against the Northwest Conference. By reducing the judgment, Redeemer will pay exactly the same amount it would pay in the absence of the settlement, so Redeemer is not profiting. Although a non-settling tortfeasor has no right to complain about a *Pierringer* settlement, as long as it is only required to pay its fair share of the verdict, *Rambaum v. Swisher,* 435 N.W.2d 19, 23 (Minn.1989), the non-settling tortfeasor has a definite right to complain if it would be required to pay more than its fair share of the damages.

Moreover, disregarding appellant's settlement would afford him an impermissible double recovery. Although a plaintiff who enters into a *Pierringer* release is allowed to receive a "windfall" in terms of the amount of money collected, *see id.,* proportionately the damages collected from all the tortfeasors cannot exceed 100 percent. Here, in terms of the proportion of liability, appellant is trying to collect more than 100 percent of his damages: that is, 100 percent from Redeemer plus that portion of the damages attributable to the Northwest Conference that he already received in his settlement. This is a double recovery, not just a windfall; appellant normally would not be allowed to collect 100 percent of his damages from Redeemer under respondeat superior plus 60 percent of his damages from the Northwest Conference for its negligence.

Our analysis is given further support by the language of Minn.Stat. § 604.01, subd. 5 (1992). That statute provides in pertinent part that "all settlements and payments" made to an injured person with the permission of that person must be credited against

any final judgment. In the case of a *Pierringer* settlement, the credit is calculated based on the settling defendant's proportionate share of the damages. *Rambaum,* 435 N.W.2d at 22–23. Accordingly, the statutory language supports the conclusion that appellant is required to take a credit against the judgment equal to the Northwest Conference's proportionate share of the damages, regardless of the theory of judgment against Redeemer.[4]

Merely deciding that Redeemer is not liable for all damages and that the judgment must be reduced does not tell us the amount of the judgment reduction, the amount of Redeemer's "fair share" of its common liability with the Northwest Conference. The trial court used the jury's apportionment of negligence to measure Redeemer's fair share, and in post-trial proceedings and on appeal there has occurred neither a challenge to that means of apportionment nor the suggestion of an alternative apportionment. Appellant has argued only that Redeemer was not entitled to any reduction in the judgment. Having rejected that contention, we affirm the trial court's reduction of the judgment.

## II. Statute of Limitations

■ Redeemer's argument that appellant's respondeat superior claim is barred by the statute of limitation is a question of statutory construction. Statutory construction is a question of law that this court must review de novo. *State v. Bonynge,* 450 N.W.2d 331, 337 (Minn.App.1990) *pet. for rev. denied* (Minn. Feb. 21, 1990).

■ Appellant commenced this suit nine years after Magnuson's abuse ended. Ordinarily, appellant's suit would be barred by the applicable statutes of limitation. *See* Minn.Stat. §§ 541.05 subd. 1(5) (six-year statute of limitation for negligence); 541.07 subd. 1 (two-year statute of limitation for battery). But in 1989 the legislature enacted the 'delayed discovery' statute of limitations.

---

4. Although the title of chapter 604 is "Actions Involving Fault" and section 604.01 is titled "Comparative Fault," § 604.01, subd. 5 clearly states that *all* settlements made to an injured person must be credited against a final judgment, without reference to the legal theory underlying the judgment or the settlement. *See Lecy v. Sage*

*Co.,* 460 N.W.2d 102, 105 (Minn.App.1990), *pet. for rev. denied* (Minn. Oct. 25, 1990) (title of statute cannot be used to alter plain meaning of statute) (citing *County of Hennepin v. City of Hopkins,* 239 Minn. 357, 362, 58 N.W.2d 851, 854 (1953)).

**Actions for damages due to sexual abuse; special provisions**

\*　　\*　　\*　　\*　　\*　　\*

**Subd. 2. Limitations Period.** (a) An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

\*　　\*　　\*　　\*　　\*　　\*

**Subd. 3. Applicability.** This section applies to an action for damages commenced against a person who caused the plaintiff's personal injury either by (1) committing sexual abuse against the plaintiff, or (2) negligently permitting sexual abuse against the plaintiff to occur.

Minn.Stat. § 541.073 (Supp.1991).[5]

Based on the jury's special verdict, no one disputes that appellant's battery action against Magnuson and the negligence actions against Redeemer and the Northwest Conference were timely under the delayed discovery statute.[6] But Redeemer contends that the delayed discovery statute does not apply to actions against the abuser's employer based on respondeat superior. We agree.

 The goal of statutory interpretation is to ascertain and effectuate the intent of the legislature. Minn.Stat. § 645.16. But where the language of the statute is clear, no further statutory construction is permitted and the court cannot disregard the letter of the law "under the pretext of pursuing the spirit." *Id.; McCaleb v. Jackson*, 307 Minn. 15, 17, 239 N.W.2d 187, 1880 n. 2 (1976). "This court cannot supply language that the legis-

lature may have omitted or overlooked." *State v. Hulst*, 510 N.W.2d 262, 264 (Minn. App.1994).

The language of subdivision 3 is clear and unambiguous and does not reasonably lend itself to more than one construction. The statute expressly applies to persons in only two circumstances, persons who caused personal injury by committing the abuse or persons who caused personal injury by negligently permitting the abuse to occur. Moreover, the statute specifically contemplates the prospect of a suit against a person who has not committed an act of abuse, and calls for application to only one such person, one who has negligently permitted abuse. The statute does not apply to an action against a person premised on the person's status as an abuser's employer, under the principle of respondeat superior.[7]

The trial court reasoned that, because subdivision 3 does not specifically say that the statute applies "only" to the enumerated actions, the subdivision could be read to mean that the statute applies "but is not limited" to the enumerated causes of action. But the statute cannot reasonably be read in this manner. Subdivision 2(a) encompasses all "action[s] for damages based on personal injury caused by sexual abuse", making the statute applicable, without further pronouncement, to those actions enumerated in subdivision 3. Reading subdivision 3 as merely illustrative or a clarification adds nothing to the statute and would make the subdivision redundant. *See* Minn.Stat. § 645.16 (1990) (when possible, statute con-

---

5. The original statute allowed two years after discovery of the injury to commence an intentional tort action and six years to commence a negligence action. The statute was amended in 1991 to allow six years to file an action for either negligence or an intentional tort.

6. For purposes of applying the delayed discovery statute, the special verdict form asked if appellant had reason to know that his injuries were caused by Magnuson's abuse prior to July 27, 1985, six years prior to the date of appellant's complaint. Technically, the cut-off date should have been August 1985 because a civil action is commenced on the date the complaint is served, Minn.R.Civ.P. 3.01, and appellant's complaint was not served on any of the defendants until

August 1991. No one has raised a challenge to the special verdict form and, given the nature of the inquiry, the use of the wrong date was probably immaterial.

7. There is language in *H.D. v. White*, 483 N.W.2d 501, 503–04 (Minn.App.1992) and *Roe v. Archdiocese of St. Paul*, 518 N.W.2d 629, 632 (Minn. App.1994), *pet. for rev. denied* (Minn. Aug. 24, 1994), that would appear to suggest that the delayed discovery statute does apply to claims based on respondeat superior. But the applicability of the statute to the respondeat superior claims was not before the court in either case so the language in those cases is dicta and does not represent their holding.

strued to give effect to all of its provisions). The inclusion of a separate subdivision specifically delineating the statute's scope of applicability limits the general language of the statute and necessarily implies that "only" the enumerated actions are covered.

We recognize that ordinarily the statute of limitation for a respondeat superior claim is the same as that for the underlying cause of action. *See Kaiser v. Memorial Blood Ctr. of Mpls.*, 486 N.W.2d 762, 767 (Minn.1992) (citing *Grondahl v. Bulluck*, 318 N.W.2d 240, 244 (Minn.1982)). But the structure and language of Minn.Stat. § 541.073 expressly limit the persons to whom the statute applies, and designates application to only one variety of actor who has not committed abuse, leaving all others outside its scope. We cannot alter the statute to accommodate the ordinary rule.

Because appellant's respondeat superior claim is not covered by the delayed discovery statute,[8] the normal limitation period applies and that period expired by the time appellant commenced his suit against Redeemer. The trial court was obligated under the law to grant Redeemer's motion for judgment notwithstanding the verdict and to dismiss appellant's respondeat superior claim. Although we reverse the trial court's determination on this issue, the trial court's order for judgment is still affirmed. Eliminating Redeemer's liability under respondeat superior leaves negligence as Redeemer's sole source of liability. This results in a judgment against Redeemer identical to that ordered by the trial court.

### III. Scope of Employment

■ Redeemer also argues that it was entitled to judgment notwithstanding the verdict on the respondeat superior claim because Magnuson was acting outside his scope of employment as a matter of law. We must affirm a decision to deny a motion for judgment notwithstanding the verdict "if there is any competent evidence reasonably tending to sustain the verdict." *Rettman v. City of Litchfield*, 354 N.W.2d 426, 429 (Minn.1984) (citation omitted).

■ Under the principle of respondeat superior, an employer is only vicariously liable for the wrongful acts of its employees committed within the scope of their employment. *Lange*, 211 N.W.2d at 784. Redeemer argues that the employee must be motivated by a desire to further the employer's business in order for the employee's acts to be within the scope of employment, citing *Semrad v. Edina Realty, Inc.*, 493 N.W.2d 528, 535 (Minn.1992). We do not find *Semrad* authoritative for that proposition. *Semrad* did not address the legal criteria for determining whether a particular act was within the scope of employment; it merely recited the facts that the court said indicated the independent contractor there was acting outside his scope of authority.

■ The supreme court in *Marston v. Minneapolis Clinic of Psychiatry & Neurology*, 329 N.W.2d 306 (Minn.1982) established that where the employee commits an intentional tort, as opposed to mere negligence, the employee need not be motivated by a desire to further the employer's business for the act to be within the scope of employment. *Id.* at 310–11. All that is necessary is that 1) the employee's conduct occur within the "work-related limits of time and place"; and 2) the "conduct should fairly have been foreseen from the nature of the employment and the duties relating to it." *Id.* at 311 n. 3; *see also* 4 *Minnesota Practice* CIVJIG 253 (1986).

8. In their briefs and at oral argument both parties discussed the delayed discovery statute as though it were creating or destroying a cause of action: Redeemer argued that the legislature had not "authorized" a cause of action for sexual abuse based on respondeat superior, while appellant argued that the legislature did not intend to "abrogate" the common law doctrine of respondeat superior. This characterization of the statute is incorrect.

A statute of limitation does not create or destroy any substantive rights or actions. It merely limits the time within which a plaintiff may assert a cause of action. Even though we conclude that the delayed discovery statute does not apply to respondeat superior claims, that does not mean that a plaintiff has no cause of action under respondeat superior for injuries caused by sexual abuse. It simply means the plaintiff must bring such an action within the normal limitation period rather than the extended period afforded by the delayed discovery statute.

Redeemer argues that even under the *Marston* test, Magnuson's conduct was outside his scope of employment as a matter of law because Magnuson's acts were not foreseeable. *See id.* at 311 (evidence of foreseeability included: (1) proof that employer knew psychologist utilized massages in therapy, which were a prelude to sexual advances; and (2) testimony that it was well-known at the time that patients were liable to succumb to a psychologist's sexual advances). Whether an employee's conduct is sufficiently foreseeable so as to be within the scope of employment is normally a question of fact for the jury. *Id.* To the extent that Redeemer is arguing there was insufficient evidence that Magnuson's conduct was foreseeable, that argument must fail because Redeemer has failed to provide a trial transcript on appeal. *See Godbout v. Norton,* 262 N.W.2d 374, 376 (Minn.1977) (appellate court cannot consider a sufficiency of the evidence argument without a trial transcript.)

Appellant did not need a transcript to support his argument on appeal and he notified Redeemer that no transcript would be ordered in his statement of the case. *See* Minn.R.Civ.App.P. 110.02 subd. 1(c). Redeemer's arguments for dismissal of the vicarious liability claim are more than an alternate basis for the trial court's decision, they are a request for relief unrelated to the issue raised by appellant. As the party raising the sufficiency of the evidence argument, Redeemer is the "appellant" for purposes of providing a trial transcript. *See id.* (respondent must order transcript it deems necessary within 10 days of service of notification of no transcript by appellant); *Custom Farm Serv. v. Collins,* 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976) (appellant has burden of providing an adequate record on appeal).

### DECISION

The trial court correctly concluded that the judgment against Redeemer had to be reduced because of appellant's settlement and *Pierringer* release with the Northwest Conference. Also, the trial court should have dismissed appellant's respondeat superior claim because the delayed discovery statute of limitations was not applicable to that claim and the ordinary statute of limitations had already expired.

**Affirmed.**